R. J. Anderson and others v. John McKinney and wife.

Each party to a suit is responsible to the officers of court, for the costs incurred by himself, and is also responsible to his witnesses, for the fees due them for their attendance.

Subject to the exceptions provided for by law, where a judgment, in a case at law, is given for the defendant, he is entitled to recover his costs against the plaintiff, and is entitled to an execution therefor, under the limitations prescribed by law; as, for instance, that there shall not be allowed in the bill of costs, the fees for more than two witnesses to any one fact.

And it is expressly provided, (Hart. Dig. Art. 721,) that the compensation and mileage of witnesses shall be taxed in the bill of costs against the party cast.

A rule for security for costs does not suspend the progress of a cause, so far as the preparation of the parties for trial is concerned.

Where a suit is dismissed on account of the plaintiff's failure to give security for costs, the defendant is entitled to a judgment against the plaintiff, for his costs; and if witnesses have been subpœnaed by the defendant, and attended court, and certificates of their attendance have been issued, the fees due them should be taxed in the bill of costs, for which execution may issue.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones. The facts are stated in the opinion.

*Robert L. Ford,* for appellants.

BELL, J. The appellees, McKinney and wife, instituted suit in the District Court for Lavaca county, against the appellants. McKinney and wife, as plaintiffs in that suit, were required to give security for the costs of the suit, a rule having been made against them to that effect.

They failed to give security for the costs, in compliance with the rule, and on motion of the defendants in that suit, the cause was dismissed, because the security was not given, and judgment was rendered that the defendants should recover from the plaintiffs all their costs. During the pendency of the cause, witnesses were subpœnaed by the defendants, and attended the

court. The clerk issued to the witnesses so subpœnaed by the defendants, certificates of attendance. The fees of the said witnesses amounted in the aggregate to the sum of seventy three dollars and forty cents. The clerk of the court, Hester, refused to include these witnesses' fees in the bill of costs for which execution issued against the plaintiffs, in the suit referred to. This case now before us, is a motion made by the defendants in the original suit, against the plaintiffs and the clerk, praying that the said clerk should be ordered to issue execution against the plaintiffs in the original suit, McKinney and wife, for the amount of the fees due the witnesses who attended the court in behalf of the defendants, and to whom certificates of attendance had been issued. The court below overruled the motion, on the ground that there had been no trial of the cause on the merits, and that the plaintiffs were therefore not responsible for the fees of witnesses summoned by the defendants.

We think it very clear, that the court below erred in overruling the motion. Article 776 of Hartley's Digest provides, "that in all cases of law, (except motions,) where judgment "shall be given for defendant or appellee, he shall recover his "costs against the plaintiff or appellant, and have execution for "the same." This provision furnishes the general rule on the subject of costs, subject to some exceptions in particular cases specially provided for by law, and which need not now be enumerated. The provision relates to "cases of law." It was perhaps the intention to leave the question of costs, in cases where the equitable powers of the District Courts were particularly invoked, within the sound discretion of the court. It is true, that the transcript in the cause before us, does not disclose the nature of the original suit which was dismissed. We are not informed, whether it was "a case of law," or whether the equitable powers of the court were invoked. But we think that the judgment of the court in the case, is to be taken as conclusive, so far as that inquiry may be a material one. The judgment of the court was, that the defendants recover of the plaintiffs their costs. This judgment remains in full force. The

fees due the witnesses, were certainly a portion of the costs incurred by the defendants, as much as the filing of their answer. The rule for security for costs, did not suspend the progress of the cause, so far as the preparation of the parties for trial was concerned. The defendants had a right to summon witnesses, or to take testimony by deposition. The defendants could not foresee that the plaintiffs would neglect or decline to give the security for costs, required by the rule. If, on the first day of the term after the rule was made, the plaintiffs had given the security, the defendants certainly would not have been heard to say, when the cause was called for trial, that they were not ready, and that the cause of their not being ready was, that they did not feel obliged to use any diligence in preparing for trial, until the plaintiffs had complied with the rule for costs.

As between the parties and the officers of court, each party to a suit is responsible for the costs incurred by himself; and each party is also responsible to his witnesses, for the fees due them for their attendance; but at the same time, the party in whose favor the judgment is rendered, is entitled to his execution for all his costs against the adverse party, under such limitations as are prescribed by law; as, for instance, that there shall not be allowed, in the bill of costs, the fees of more than two witnesses to any one fact. (Hart. Dig. Art. 721, 781.) Article 721 of the Digest expressly provides, that the compensation and mileage of witnesses shall be taxed in the bill of costs against the party cast. We are of opinion, therefore, that the judgment of the court below, on this motion, be reversed, and the cause remanded, with instructions to the court below, to order execution against the plaintiffs in the original suit for the fees of the witnesses, according to the prayer of the motion.

Reversed and remanded.