## S. J. Spiers v. Wm. O. Purcell et al.

### (No. 2717.)

Practice.— Under article 1591, Paschal's Digest, errors assigned without distinctly specifying the grounds thereof are considered as waived.

Statute of Frauds — Trust.— It is well settled that an agreement creating a trust upon land is not required to be in writing, and is not affected by the statute of frauds. And it has been held that although reduced to writing a verbal trust may be shown to have been annexed to the contract.

Costs.— In an equitable proceeding, and also when the judgment as to portion of the matters in controversy is given for one of the parties and against him as to other matters, the question of costs is left to the discretion of the court below.

Appeal from Bastrop county.    Opinion by Watts, J.

Statement.— The appellant instituted this suit on the 9th day of July, 1873, against appellees as the minor children of James B. Purcell, deceased, prayed for and had a guardian *ad litem* appointed by the court for said minors. The petition is in substance as follows:

That Mahlon Purcell and wife did, on the 24th day of March, 1870, convey the land described therein to said James B. Purcell. And notwithstanding the conveyance was to said Purcell, yet the purchase money for the land, to wit, $1,250, was paid by appellant with the understanding and agreement between him and said Purcell that the land was, in fact, the property of appellant, and was to be held in trust by said Purcell for him until the purchase money, with interest thereon, was paid to him by said Purcell; and in the event the latter failed to pay said purchase money and interest, then the property was to belong to appellant. He prayed for judgment divesting all right and title to the premises out of said minors, and vesting the same in him. He also prayed in the alternative for a judgment for the $1,250 and interest. He also alleged that said amount had not been paid to him by said Purcell in his

life-time, nor any one else since his death; also alleged Purcell's death, and that said minors were his sole heirs.

The said minors, through their guardian *ad litem*, answered July 31, 1873, by a general demurrer, general denial, and specially denying that the appellant paid the purchase money for the land; that Purcell borrowed the money with which he paid for the land, executing his notes for the same, and that appellant was only security on said notes. Also pleaded the statute of frauds and claimed the land as their homestead, etc. By amended answer they withdrew the averments in their original answer as to appellant being surety on said notes, and say he had no connection with the purchase of said land. The cause was tried on the 28th day of July, 1874, and resulted in a verdict and judgment in favor of appellant for the $1,250 and interest, and in favor of appellees for the land. Appellant's motion for new trial being overruled, he brings this case before the court by appeal, and assigns the following errors:

1. The court erred in each and every portion of its charge to the jury.

2. The court erred in refusing to give the charge (sections 1 and 2) asked for by plaintiffs.

3. The verdict of the jury is contrary to the evidence.

4. The verdict of the jury is contrary to the law.

5. The court erred in overruling plaintiffs' motion for new trial.

6. Judgment of the court is erroneous in not directing the premises in controversy to be sold to satisfy the judgment against the defendants.

7. The court erred in allowing judgment for defendants for the land.

8. The court erred in allowing judgment against plaintiff for the costs.

OPINION.— Many of the errors assigned could not be considered by the court, as the appellant therein fails to distinctly specify the grounds of error; in such case the statute

in force at the time this appeal was perfected requires them to be considered as waived. P. D., art. 1591.

. Counsel for appellant, in their brief, only insist that the court erred in the charge given and those asked and refused.

The appellant sets up in his petition a trust upon the land created by parol agreement. Since the decisions in the case of James v. Fulcrod, 5 Tex., 512, it has been considered as well settled that such an agreement is not required to be in writing and is not affected by the statute of frauds.

In the case of Cuney v. Dupree, 21 Tex., 219, it is said: "It has been held that, although reduced to writing, a verbal trust may be shown to have been annexed to the contract. To be enforced, however, a rule of equity requires that it shall be established with clearness and certainty."

These trusts are of two kinds: such as arise from a verbal agreement, and such as are implied or result from the nature of the transaction. The case made by the petition is that of a trust created by verbal agreement between the appellant and Purcell; and the court, in the charge, confined the appellant's right to recover to the allegations contained in his petition, and in that view of the case fully and clearly submitted the law to the jury. The first charge asked by appellant and refused sought to present to the jury an issue of the existence of an implied or resulting trust in his behalf in the land; this was correctly refused, because it was an issue not made by the pleadings. The other charge asked and refused correctly presented the law of the case, but it was also properly refused for that it was embraced in the general charge of the court in almost the same language as that which was asked and refused. The verdict of the jury upon this branch of the case is well sustained by the evidence. We are of the opinion that the evidence disclosed by the record not only does not clearly show the existence of the trust as claimed, but would not support a verdict affirming the existence of such a trust.

As to the question of costs, this was an equitable proceeding, and this question is left to the discretion of the court. Anderson v. McKinney, 22 Tex., 654.

Also when the judgment as to a portion of the matters in controversy is given for one of the parties, and against him as to other matters, the question of costs is left to the discretion of the court. Cannon v. Hemphill, 7 Tex., 207.

There is no error in that portion of the judgment appealed from, and therefore a proper disposition of this appeal will be to affirm the judgment.

Affirmed.