[Opinion delivered May 10, 1880.]

---

### S. SCHIFFER ET ALS. v. J. C. FORT ET AL.

(Case No. 3383.)

1. PRACTICE — LEAVE TO SHERIFF TO AMEND RETURN. — Leave to a sheriff to amend his return on an execution is not a matter of right, but within the discretion of the court, and in the absence of a statement of facts it cannot be presumed that the court erred in the exercise of a sound discretion in refusing to permit a return to be amended. Freeman on Executions, 358–360.

2. MOTION TO QUASH SHERIFF'S RETURN — NOTICE. — An objection for want of service of notice of motion to quash the levy of an execution and the sheriff's return thereon comes too late, where the parties at the time of the hearing argued it, and made no written exception on that ground to its being entertained.

3. PRACTICE — QUASHING LEVY OF EXECUTION.— Where there is no
   statement of facts in the record, and substantial grounds are
   assigned in a motion to quash a levy under an execution, it will be
   presumed that the action of the court was fully sustained by the
   testimony.   Bryan v. Bridge, 6 Tex., 137; Freeman on Ex., 361.
4. INJUNCTION — COSTS.— The defendant cannot complain that an in-
   junction suit against him has been dismissed.  In equity costs are
   subject to the discretion of the court to award as the justice of
   the case may indicate, and it is not improper to make the party
   procuring the levy, and occasioning the proceedings to set it aside,
   pay the costs.   Anderson v. McKinney, 22 Tex., 654; Payne v.
   Benham, 16 Tex., 368; Cannon v. Hemphill, 7 Tex., 207; Lacoste v.
   Duffy, 49 Tex., 768.

APPEAL from Ellis.   Tried below before the Hon. Zimra
Hunt.

J. C. Fort, for himself and as next friend of his minor son,
sued out an injunction to restrain the appellants from selling
certain property levied on by the sheriff of Ellis county to
satisfy an execution issued from the district court of that
county on a judgment rendered against Fort and one Smith
for $524.45.

The petition alleged that the property was not the prop-
erty of plaintiff, but of his son and others; that some of it
was exempt from execution; that the levy was too indefi-
nite; that the land levied on was the property of his de-
ceased wife and belonged to her estate, which was not
administered upon, nor the debts against it settled up.

The defendants answered, denying all the allegations of
the petition, alleging the validity of the levy and that the
property was subject to sale, and they asked, if the sheriff's
return was insufficient, that he be permitted to amend it.

They also moved to dissolve the injunction for want of
equity.

At the return term in the district court, the plaintiff, on
this injunction suit, filed a motion to quash the levy and re-
turn of the sheriff of the execution in this case for several
causes set out in his motion: irregularity in making the levy;
that the property is not in the custody of the sheriff nor
bonded by any one; that the property is not sufficiently de-

scribed; that the levy was excessive and oppressive, being upon property of the value of $20,000.

Upon the hearing of the cause, which was submitted to the judge, a judgment was rendered reciting, "at this day came on to be heard the motion of the plaintiffs J. O. Fort and Earle Fort to quash the levy and return upon the execution," describing it particularly, and ordering that the levy be quashed and the property released.

Then the entry proceeds: "Also on the same day came on to be heard the defendants' motion to dissolve the injunction," which is overruled, and it is ordered and adjudged that the case be dismissed and that the plaintiffs recover their costs.

There is no statement of facts in the transcript.

By bills of exceptions it appears that on the hearing of the motion to quash the levy on the execution, the defendants asked leave of the court for the sheriff to amend his return according to the facts; "that he applied to Fort to point out property and he refused; that at the instance of plaintiff he levied upon the mules and cotton, and upon an undivided interest of one-third in the land, as the property of Fort, in presence of witnesses, and to state the value," etc. The court refused to permit the amendment to be made and signed the bill of exceptions with a statement "that all the property was left in the possession of the said Fort, he promising to hold the same subject to said levy."

By bill of exceptions No. 2, it appears that the defendants objected to the hearing the motion to quash the levy and return, on the ground that the levy and return was upon an execution issued in another case and not in this case, and that no notice of it was given as required by law.

This bill of exceptions is signed by the judge with the statement, "When the injunction case was called, the plaintiff in that case called up his motion to quash the sheriff's levy and return made in case No. 978, and there being no written exception at the time as to the notice of the motion, but being argued by counsel on both sides, the court entertained the motion."

The order of the court quashing the levy and return on the execution, and refusing to dissolve the injunction, is also excepted to.

The defendants appeal to the supreme court, and have assigned for error:

I. The refusal to permit the sheriff to amend his return, and in assuming that the property was left in the possession of Fort.

II. That the court erred in entertaining the motion to quash the levy and return.

III. In sustaining that motion on the grounds stated in the motion and not in the petition.

IV. In overruling the motion to dissolve the injunction.

V. In dismissing plaintiff's petition, and rendering judgment for costs against the defendants.

*E. P. Powell* and *Ferris & Rainey*, for appellants.

*Amzi Bradshaw*, for appellees.

QUINAN, J.— To the assignments we respond:

1. The permission to amend the return of the sheriff on the execution was not a matter of right. It is within the discretion of the court, and subject to its direction. But it should only be granted in furtherance of justice. And this discretion cannot be properly exercised without a full knowledge of all the facts. Freeman on Executions, 358, 360.

In the absence of a statement of the facts we cannot assume that the judge erred in the exercise of a sound discretion in refusing to permit the return to be amended.

2. The court did not err in entertaining the motion to quash the return and levy. The injunction had that for its object, and was merely ancillary thereto. Its purpose was to suspend proceedings under the levy until the regularity and validity of it should be inquired into, and that, upon hearing of the proofs, the same might be vacated. The defendants were duly served with process therein. But if more formal notice of the motion to quash could have been

required, the objection to entertaining the motion came too late, for the judge certifies that, on the hearing of it, the parties, at the time, argued the motion and made no written exception for want of notice, and therefore he entertained it.

The entry of the judgment seems to support the conclusion that the motion to quash was regularly made in the suit No. 978; but, whether so or not, it was a mere irregularity, at most, which could work no injury. The injunction and the motion to quash were, in effect, directed to the same end, and may properly be considered as part of the same proceedings.

3. We cannot say that the motion to quash was improperly sustained. There being no statement of the facts proved on the hearing, the presumption is that the action of the court was fully warranted by the testimony. Substantial causes were assigned for it in the motion. If in truth no valid levy had been made, or if the levy, as is alleged, had been made oppressively upon $20,000 worth of property to satisfy a debt of $500 or $600, or upon property exempt from execution, we do not doubt that in this proceeding the levy could and ought to have been vacated. Bryan v. Bridge, 6 Tex., 137; Freeman on Ex., 361.

4. The fourth assignment, that the court erred in refusing to dissolve the injunction, may be true, but it is not now material, for the court dismissed the petition.

5. The fifth assignment, that it was error to dismiss the petition and render judgment against the defendant for costs, is not well taken.

In equity, costs are subject to the discretion of the court to award as the justice of the case may indicate; and as the levy was quashed, it would seem to be equity that the party who procured the levy, and occasioned this proceeding to set it aside, should pay the costs. The defendants cannot complain of the dismissal of the injunction suit against themselves. Anderson v. McKinney, 22 Tex., 654; Payne v. Benham, 16 Tex., 368; Cannon v. Hemphill, 7 Tex., 207; Lacoste v. Duffy, 49 Tex., 768.

Upon the whole we can discover no error in the proceed-

ings to the injury of the defendants, or which would require a reversal of the judgment nor any good to be attained thereby. The quashal of the levy and the return left the parties free to take out another execution. The lien of their judgment upon the land is not affected by it, and to send this case back for another trial because of errors, if such there be, which have worked no injury, would be a useless and profitless prolongation of litigation.

We conclude that the judgment should be affirmed.

AFFIRMED.