### BROWN MANUFACTURING CO. v. S. H. WATSON.

#### (No. 2701.)

APPEAL from Ellis County.    Opinion by WHITE, P. J.

M. B. TEMPLETON, counsel for appellant.

A. A. KEMBLE, counsel for appellee

§ **329.** *Sequestration; quashal of, does not dispose of the suit when; case stated.*    Appellee brought this suit in justice's court to recover of appellant a phaeton or its value, $110.    He sued out a writ of sequestration for the phaeton.    In justice's court the sequestration was

quashed and the suit was dismissed. Appellee appealed to the county court, the sequestration proceeding was quashed and dismissed, but appellee recovered a judgment against appellant for the phaeton or its value, $105, and costs. *Held*, the suit was properly treated in the county court as an action for the recovery of the phaeton or its value, and the quashal of the sequestration proceedings did not dispose of the suit upon its merits.

§ **330.** *Custodia legis; case overruled; case stated.* Appellant had purchased the phaeton in question from Ousley & Co., and on the same day of the purchase it was seized under attachments issued against the property of Ousley & Co. Appellant filed claimant's oath and bond to try the right of property to the phaeton, and said proceeding was pending at the time appellee instituted this suit. Appellant pleaded specially in this suit that the phaeton was *in custodia legis*, which plea was overruled. *Held*, the question of *custodia legis* was eliminated from the case by the quashal of the sequestration proceeding. But, even if it was not, the phaeton was not *in custodia legis*, under the decision of our supreme court in Frieberg, Kleiss & Co. v. Elliott & Wright, 64 Tex. 367, which holds that property in the hands of a claimant, who has made the oath and given the bond required for the trial of the right of property, is not *in custodia legis*. This court held a contrary doctrine in the case of Le Gierse & Co. v. Pierce, 2 App. C. C. § 89; but that decision, for the sake of harmony, is overruled.

November 23, 1887.      Affirmed.