## T. B. VICKERY ET AL. V. J. D. CRAWFORD.

No. 870. Decided February 26, 1900.

1. **Sequestration—Property of Stranger to Writ—Liability of Sheriff.**

A sheriff who, under a writ of sequestration seizes property specified therein, from an owner in possession and who is a stranger to the writ, is not protected by the process from suit by such owner for damages from the seizure. (Pp. 374-377.)

2. **Same.**

The writ of sequestration is intended only to enforce a right to seizure of the property which plaintiff has acquired against defendant by complying with the statute; the duty of the sheriff to make the seizure corresponds to the right of the plaintiff to have him do so; and this is only by suit with affidavit, petition against, and bond to the person whose property is to be seized. (Pp. 374, 375.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Van Zandt County.

*Wynne & Smith,* for appellant.—The court erred in holding that T. B. Vickery, sheriff, and his official bondsmen were liable at all at the suit of plaintiff Crawford; for when an officer receives a writ issued from a court of competent jurisdiction, calling for specific property, which is pointed out to him, he has no discretion, but must levy the writ and seize the property, and is only responsible where he fails to care for the property in a prudent and careful manner. Rev. Stats. 1897, art. 4901; Adams v. Odom, 74 Texas, 206; Rice v. Miller, 70 Texas, 613.

*Kearby & Kearby,* for appellee Crawford.—The sheriff and the sureties on his official bond are liable for trespass committed by the sheriff in taking, under valid process, the property of a person who was not a party to the writ. Holliman v. Carroll, 27 Texas, 27; Findley v. Mitchell, 50 Texas, 147; Lewis v. Alexander, 31 S. W. Rep., 414.

*W. C. Blanks,* for appellees Thompson and Harris.

WILLIAMS, Associate Justice.—This case is brought before us upon certificate from the Court of Civil Appeals of the Fifth District, presenting the following statement and question:

"Hufnagel Shoe Company sued B. W. Rose and caused a writ of sequestration to issue directed to the sheriff of Van Zandt County, Texas, in full conformity with our statutes governing the writ of sequestration, commanding him to seize certain specific property, being a lot of shoes. The writ was executed by the sheriff by seizing and taking into his possession said property. At the time of said seizure, said property was owned by and in the possession of J. D. Crawford, who was not a party to the suit, and a stranger to the writ. The property was destroyed by fire while in the sheriff's custody. J. D. Crawford brought this suit against the sheriff and his bondsmen to recover the value of the property so seized and taken from his possession.

"Question. Where a sheriff, by virtue of a writ of sequestration, issued in conformity with our statutes, seizes certain specified property named in the writ, said property at the time of seizure being owned by and in possession of a stranger to the writ, is such writ a protection to the sheriff in seizing and taking possession of the property, in a suit against him where the stranger seeks to recover damages for such seizure? See Lackey v. Campbell, 54 Southwestern Reporter, 46."

We have been unable to find any decision of this court upon the question certified. But in the case of Maddox v. Tierney, 3 Willson, 396, it was held by the Court of Appeals that an order of sale issued upon a judgment foreclosing a mortgage upon specific property as against the defendant to the action, would not protect the officer in taking such property, if it belonged to and was in possession of another not a party to the suit in which the judgment was rendered. We think

that decision was correct and that the principle upon which it was based applies equally to the question before us.

The writ in general use in other jurisdictions which most closely resembles our writ of sequestration, is the writ of replevin.

A diversity of opinion has existed among the courts of other States upon the question, whether or not that writ will protect an officer who, under its authority, when issued against one party, takes the property described in it from the possession of another to whom it actually belongs. Some of the courts argue that since the writ is fair and regular on its face and commands the officer to seize the property described in it, and he is bound to obey its mandates, he must necessarily be protected in doing· so. Boyden v. Frank, 20 Bradwell, 175; Willard v. Kimball, 10 Allen, 211; Shipman v. Clark, 4 Denio,· 446; Foster v. Pettibone, 20 Barb., 350; Weiner v. Van Rensselaer, 43 N. J. L., 547; Watkins v. Page, 2 Wis., 69; Weinberg v. Conover, 4 Wis., 838. Others hold that since the writ is issued at the suit of one person against another, for the purpose of recovering the title or possession, or both, from such other, it does not impart authority to take from the possession of a third person his property. Stimpson v. Reynolds, 14 Barb., 508; State v. Jennings, 14 Ohio St., 73; Davis v. Gambert, 57 Ia., 239; West v. Hayes, 23 So. Rep., 727.

In many of the decisions first cited, the rulings were limited to cases in which the property of the third party was found in and taken from the possession of the defendant in the writ, but the reasoning of the courts would seem to extend as well to cases in which the taking was from the possession of the owner himself. In several of them, there are dissenting opinions. The discussions were sometimes called forth in the consideration of the question, whether or not one not a party to a writ of replevin, whose property had been seized under it, could, himself, maintain an independent action of replevin against the officer for its recovery, the courts assuming the question depended upon the other one, whether or not the writ authorized the taking of the property, and deciding the cases before them according to their views upon the latter question. Other courts have, however, held, upon different grounds, that the second action of replevin could not be maintained against the officer, the conflict of opinion being even greater on this point than on the other.

It seems to us that the proposition affirmed by authorities first referred to is based upon the mere assumption that the writ obliges the officer to seize the property, whether found in the possession of the defendant in the writ, or in that of a third person owning it. We do not believe such to be the scope of the writ of sequestration. It is sued out as an auxiliary writ, merely to preserve the property pending the suit, by which the plaintiff seeks to recover the title or possession of it from the defendant, whose title to hold it is put in issue. The cause of action is stated and the affidavit made against and the bond given to secure only the party sued. While the writ commands the officer to seize the

property sued for, it is intended only to enforce the right to its seizure which plaintiff has acquired as against the defendant by complying with the statute.

To say that the writ authorizes the sheriff to take the property of another from his possession, seems to us equivalent to saying that the plaintiff has the right to such action when he has not taken the steps required by law to entitle him to it. How can it be the duty of the sheriff to make such a seizure unless it is the right of the plaintiff to have him do so?

The history of our legislation shows that it was never allowable to take the property of a citizen from his possession without a proper proceeding against him in which security was given for damages and costs which might result. The 143d section of the Act of May 13, 1846, to regulate proceedings in the district courts, provided: "That no writ of quia timeat, attachment, or any other original writ or process, whereby the property of any citizen of this State shall be ordered to be seized or taken into custody, shall be issued by any civil officer of this State, or by order of any judge of the same, unless the party applying for such writ or process shall first make affidavit in writing of the truth of the matter set forth in his or her petition, and shall file in the clerk's office of the court where the same is to be sued out and entered, a bond with good security, and in a sum at least double the value of the property to be seized and taken, or of the debts and damages claimed to be due; conditioned to pay all costs and damages which the party against whom such suit or process may be sued out shall sustain, by reason of the wrongfully and unjustly suing out of the same: provided, that this section shall not be construed to prevent the issuing of attachments by justices of the peace, under the provisions of any statute authorizing such attachments: and provided also, that it shall not be so construed as to prevent the issuing of any writ or process to compel the attendance of defaulting witnesses or jurors in any court or tribunal, to which they may have been legally summoned, or to any writ or process authorized by law in criminal cases."

The next section of the statute provides for the issuance of writs of sequestration upon prescribed conditions, and this was amended by the Act of 1848, but the requirements of article 143 were left in force. Cheatham v. Riddle, 8 Texas, 165.

The plain purpose of these provisions was to require a suit with a verified petition against, and a bond to, the person whose property was to be seized, before its seizure, under any writ, was authorized.

In the revisions of the laws that have since been made, the provisions of article 143 have been distributed, so that its requirements applicable to a particular writ have been embodied in the statute regulating that writ. All of the substantial requirements of that article affecting this question have been carried into the present statute concerning sequestration. While a sworn petition may not be necessary, a suit is required

with an affidavit and bond which would meet the purposes of the former law.

The sequestration law requires no bond to secure any person but the defendant. It authorizes the defendant, and no one else in the first instance, to give a replevy bond and retain the property, and, if he fails to do so, it authorizes the plaintiff to replevy. It provides for a sale of the property, if it be perishable, in case the defendant does not replevy. There is no provision whatever in this statute for the protection of the rights of any but the parties to the suit. If it be true that the officer is authorized to invade the possession of a stranger to the action and take his property, it may be replevied by either party to the suit or sold as perishable; and, in case of insolvency of the plaintiff, its owner would be left without substantial redress. In our opinion, the statute contemplates no such result. It requires the party desiring to sue for property to bring his action against him who holds it, and to direct his oath against him, and to make his bond payable to him. When he has complied with these requirements, he has entitled himself to a writ to take the property from the defendant for the purposes of preserving it or securing the fruits of the litigation pending the action, but he has not entitled himself, and therefore can not require the officer, to take the property of any other person. The officer may protect himself, if he finds the property in the possession of a third party and is doubtful as to the ownership, by requiring indemnity. Illies v. Fitzgerald, 11 Texas, 417.

The statute regulating the trial of the right of property gives to the owner of personal property, taken under a writ against another, a remedy by which he may regain possession and establish his ownership; but this has never been regarded as depriving him of any remedy given by law to owners of property for the conversion of their goods. It is as applicable in levies under attachments and executions as to those made under sequestrations, and can no more be held exclusive in one case than in the other. It can not be made available without a bond, and the right of the owner to elect whether he will pursue it or resort to his action for damages against the person who has taken his property is an important one, which may, in many cases, be essential to complete redress. It may be true, also, that a third party may intervene in a sequestration suit involving title to personal property and have his rights adjudicated; but if he may do this, he may also maintain a separate action. In any of these proceedings, he may fail of complete satisfaction for the wrong done him, unless he can hold the officer responsible, while the latter may protect himself in the way indicated.

We answer the question in the negative.