## JOHN P. CAMPBELL v. M. ULCH.

Decided December 12, 1900.

**1.  Exceptions to Pleading—Harmless Error in Overruling.**

Where, in an action of damages for the conversion of cattle, the court charged the jury to find the value of the property at the time of the seizure, with interest, and they returned a verdict for that amount and no more, the refusal of the court to sustain exceptions to a clause in the petition for expenses of feeding the cattle before the seizure, was harmless error.

**2.  Evidence—Record of Cattle Brand—Bill of Sale.**

In an action for the conversion of cattle, plaintiff claimed ownership under a bill of sale from defendant, which the latter claimed was intended only as a mortgage, and this was the issue in the case, there being no question as to the identity of the cattle. Held, that an objection to the introduction of the bill of sale in evidence because there was no proof that the brands designated therein were recorded, was not well taken.

**3.  Sheriff—Liability for Wrongful Seizure of Property.**

Where the sheriff, by virtue of a writ, seizes property which belongs to a third person and not to defendant in the writ, he can not justify the seizure under the plea that he did not know that such third party owned the property, nor can he escape liability on the plea that he was compelled to levy the writ, since he can require an indemnity bond before making the levy.

APPEAL from Bexar. Tried below before Hon. S. J. BROOKS.

*T. F. Shields,* for appellant.

*Webb & Finley,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages instituted by M. Ulch against J. P. Campbell, sheriff of Bexar County, and W. H. Wright, for the conversion of certain cattle. The cause was tried by

jury, and resulted in a verdict and judgment for Ulch against Campbell in the sum of $350, with 6 per cent per annum interest from March 8, 1899, and in favor of Campbell over against W. H. Wright in the same sum. Campbell perfected this appeal.

It appears that W. H. Wright sued one Sproll for the cattle claimed by Ulch in this case, and obtained a writ of sequestration and placed it in the hands of J. P. Campbell, the sheriff of Bexar County. The cattle were in Sproll's pasture, the uncontradicted evidence showing that they were placed there by Ulch. The cattle were seized by the sheriff and were by him turned over to John Wright, who claimed them as his property. An instrument in writing, in form a bill of sale, conveying the cattle, and executed by W. H. Wright to Ulch, was introduced in evidence. Parol evidence introduced by Ulch tended to show that the instrument was, as its form indicated, a bill of sale to the cattle, while evidence introduced by Wright tended to show that the instrument was a mortgage. There was positive testimony that the cattle were delivered into the possession of Ulch by Wright, and equally as positive testimony that they were taken possession of by Ulch without the knowledge or consent of Wright.

The first assignment of error complains of the action of the court in not sustaining an exception to that part of the petition setting up a claim for damages for a sum expended for food, etc., for the cattle before they were seized by appellant. The exception should have been sustained, but there is no practical value in the complaint, because the jury were instructed to find for the value of the cattle at the time of seizure, with interest at 6 per cent, and found for that sum and nothing more.

There is no merit in the contention that the bill of sale should not have been admitted in evidence in the absence of proof that the brands designated therein were recorded. There was no question about the identity of the cattle, and it did not matter whether they were branded or not. It was uncontradicted that the cattle were the property at one time of W. H. Wright, and were either sold or mortgaged to Ulch, and it was immaterial whether the brands were recorded or not.

The fourth assignment of error complains of the first paragraph of the charge, but for what reason does not appear therein, and the only proposition thereunder is that the court should have submitted in the charge all the issues made by the pleadings and evidence. It may be inferred from the argument and from the seventh assignment of error, which complains of the refusal to give a special instruction requested by appellant, that the omission to charge on the question as to appellant's knowledge of Ulch's claim to the cattle, is the error intended to be assigned. The special instruction does not, however, present that point, but is to the effect that the sheriff was not liable if he took the cattle from the possession of Sproll. The uncontroverted testimony established that Sproll was holding the cattle for Ulch, but the theory advanced by appellant is that if appellant took Ulch's cattle from

Sproll and converted them, not knowing they were Ulch's cattle, he would not be liable for such conversion. The charge was properly refused. If the property seized was the property of Ulch, the sheriff can not justify his action by the plea that he did not know that Ulch owned it. The property was taken and converted by the sheriff, and the owner is entitled to compensation for his loss. Lackey v. Campbell, 54 S. W. Rep., 46. The sheriff might have protected himself by an indemnity bond, and if he did not do so, he can not escape liability by a plea that he was compelled to levy the writ. Vickery v. Crawford, 93 Texas, 373.

The charge of the court was a full and fair exposition of every issue raised by pleading and evidence, and it was not error to refuse the special charges requested by appellant. There is no merit in the fifth and ninth assignments of error. The judgment is affirmed.

*Affirmed.*