MATTHEWS et al. v. PERMINTER et al.

(Court of Civil Appeals of Texas. Texarkana. Dec. 18, 1913.)

1. SHERIFFS AND CONSTABLES (§ 123*)—LIABILITY ON BOND—FAILURE TO RETURN EXECUTION—RETURN TO ATTORNEYS.

Where a deputy sheriff returned an execution to the attorneys of plaintiff in execution, pursuant to their directions, the deputy or his principal would not be liable under Rev. Civ. St. 1911, arts. 3775, 3777, as for failure to return an execution; the attorneys having power to control it.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 230–235; Dec. Dig. § 123.*]

2. SHERIFFS AND CONSTABLES (§ 122*)—LIABILITY ON BOND—PAYMENTS ON EXECUTION.

That a deputy sheriff, after the return of an execution unsatisfied, agreed with the judgment debtor that a debt owed to the debtor by the deputy should be applied by him in payment of the judgment would not make the sheriff liable for failure to pay over money collected on execution, though the deputy did not apply the debt pursuant to such agreement; the agreement for applying the deputy's debt to the judgment being purely personal.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 224–229; Dec. Dig. § 122.*]

Appeal from Shelby County Court; Edgar W. Hooker, Judge.

Action by A. L. Perminter and others against S. H. Matthews and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

Davis, Davis & Davis, of Center, for appellants. S. H. Sanders, of Center, for appellees.

LEVY, J. This is a proceeding brought under articles 3775 and 3777, R. S. 1911, against J. B. Burns, as sheriff of Shelby county, and the sureties on his official bond, and S. H. Matthews as a deputy sheriff, for neglecting to make return of an execution, and for failing and refusing to pay over money collected under an execution. Judgment was rendered by the court for the amount of principal, interest, and costs of the execution and the statutory penalty against the sheriff and his official sureties.

The appellants by their assignments of error challenge the judgment as being contrary to the law and the evidence. It appears from the testimony that on April 14, 1910, Elmo Harris recovered a judgment against Ed. Kennon and others in justice court of precinct 2 of Shelby county for the sum of $57.00 and costs. An execution was issued by the justice of the peace on November 30, 1910, and the same was delivered to the attorneys for the plaintiff in execution on December 2, 1910, who in turn mailed it on the same day to S. H. Matthews, deputy sheriff. The attorneys for the plaintiff in execution at the time of mailing the execution directed Matthews by letter to return the execution to them if after search no property of the defendants in execution, subject to execution, be found. Matthews received the execution in due course of mail the next day. After diligent search he was unable to find property of the defendants in execution subject to levy and sale, and, as directed, returned the execution to the attorneys mentioned, with a statement of his failure to find any property. The writ was returned to the attorneys by Matthews within several days after December 2, 1910—the exact date not given—and such attorneys received the same and lost it, and it was never returned to the justice court by them. These facts above are undisputed.

[1] As it clearly appears that the deputy sheriff, Matthews, returned the execution promptly to the attorneys of the plaintiff in execution, as by them directed to be done, it is not believed that the officer, or the sheriff as his principal, could be held in default of any legal duty in this case as to render himself liable to the plaintiff in execution in respect to failure to make return of the execution to the justice of the peace. The attorneys for the plaintiff in execution, by virtue of their employment in the case, had power to direct and control the execution, and the officer was justified in obeying their directions as authorized agents of the plaintiff in execution. Therefore it must be said, we think, that the first count in the motion against the sheriff is not sustained.

---

[2] The next or second ground in the summary motion, of failing and refusing to pay over the money collected under an execution when demanded, is not, we think, under all the facts proven, sustained so as to make the sheriff and his sureties legally liable therefor. Considering all the facts proven, the conclusion of fact must be made, we think, that Matthews as deputy sheriff never collected any money under the execution before returning the same to the attorneys for the plaintiff in execution. It does appear, however, from the facts that after the execution was returned Matthews and Ed. Kennon agreed that a debt of $90 owing Kennon by Matthews should be applied by Matthews in payment and satisfaction of the judgment against Kennon in favor of Harris. But this was purely a private agreement between Kennon and Matthews, and not an official act of Matthews that would hold the sheriff liable. To hold the sheriff and his sureties liable the money must have been collected by the deputy under and by virtue of the execution. Matthews individually might be liable in suit to the plaintiff on his promise to pay the amount of the judgment for Kennon had he been sued individually for such amount; but, inasmuch as he was not sued except officially, the court could not here determine his individual and private liability. And besides, the amount of his private liability, being $57 and interest, would be below the jurisdiction of this court on appeal.

As the evidence does not warrant a judgment against the sheriff and his bondsmen, the judgment is reversed, and the cause remanded.