CRAVEN et al. v. BUCHANAN et al.*
(No. 6491.)

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1922. Rehearing Denied Feb. 14, 1923.)

1. Sheriffs and constables ☞90—Generally officers must obey orders of court without requiring indemnity for so doing.

Generally an officer is bound to obey the legal orders of a court and is not entitled to be indemnified for so doing.

2. Sheriffs and constables ☞112—Writ commanding sheriff to take possession of automobile held not to authorize taking from claimant not claiming title through person named in writ.

A writ of possession in an action by C., a claimant of a Ford car, stolen, against defendant originally in possession of it, commanding a sheriff to take possession of the car as against the defendant "and all persons claiming same under or through him since the institution of this suit," did not authorize the sheriff to take the car from S., not a party to the suit,

and claiming ownership by title independent of defendant's; to take the car from possession of S. was to commit trespass if it belonged to him.

3. Sheriffs and constables ☞90—Sheriff held not required to determine ownership of property to be sequestered, and could require indemnity bond.

Where a writ of possession, in an action to recover stolen Ford car, commanded a sheriff to take possession of it as against defendant and all persons claiming same under or through him, and the sheriff, after obtaining an indemnity bond, took the car from S., who claimed ownership of it otherwise than through defendant (as against the contention, in an action by S. against a sheriff for conversion, that, since the writ did not authorize the sheriff to take the car from S., he had no legal right to require indemnity against the consequences of his own illegal act), held, the sheriff was not required to determine the ownership of the car at his peril, but was within his rights in requiring of the one petitioning for the writ to assume such responsibility by requiring him to execute an indemnity bond.

4. Sheriffs and constables ☞113(4)—Where sheriff kept automobile for claimant, but without legal process, held justified for surrendering car to another claimant.

Where, pending an action against one for recovery of a stolen Ford car, the sheriff was holding the car for plaintiff without legal process, the sheriff committed no legal wrong against plaintiff by surrendering the car to another claimant of ownership, not a party to the action, where the sheriff would have been liable to such claimant for conversion if he was in fact the owner of the car.

5. Principal and surety ☞145(1)—Sureties bound by judgment against principal though not parties to action.

The sureties to a bond given in a pending suit, such as an attachment, injunction, sequestration, or replevin bond, need not be made formal parties, nor notified to defend an action against their principal, in order for a judgment on such bond to be binding on them; since by voluntarily executing the bond the sureties become party to the proceeding and are in privity with the principal.

6. Principal and surety ☞145(1)—Judgment against principal binding on sureties to indemnity bond.

An exception to the general rule that only parties and their privies are bound by a judgment arises where a surety expressly covenants against the rendition of a judgment against his principal; in such case, a covenant is broken, and his liability is established, when such judgment is entered and the same thereupon becomes res adjudicata as to him.

7. Sheriffs and constables ☞148—Sureties on indemnity bond undertaking to hold sheriff harmless against judgment for sequestrating property held liable on conversion judgment against sheriff, though sureties not parties to action.

Though, if the undertakings of indemnitors on an indemnity bond had been to hold a sher-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 28, 1923.

iff harmless against any damages for which he might become liable by reason of the execution of a sequestration writ, this would have meant such damages as might be legally ascertained, and the sureties would not be bound by a judgment establishing such liability to which they were not parties, or of which they had not been notified to appear, yet where, in addition to a general undertaking to hold the sheriff harmless against the consequences of his executing the writ, the sureties specifically bind themselves "to pay off, cancel and discharge all judgments, damages and costs, that may be rendered against" the sheriff by reason of the levy, they are liable to the sheriff for the amount of a judgment of conversion entered against him by reason of sequestrating another's property, though such sureties were not legally notified of the pendency of the action against the sheriff.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by Bob Buchanan and others against A. R. Craven and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. L. Eason, of Waco, for appellants.
G. W. Barcus, of Waco, for appellees.

### Findings of Fact.

JENKINS, J. F. A. Craven and W. B. Stanford each owned a five-passenger Ford automobile, which automobiles were stolen from them. Guy Simms was in possession of a five-passenger Ford automobile, which Craven claimed was stolen from him. He instituted suit against Simms to recover this automobile. Craven requested Bob Buchanan, sheriff of McLennan county, to take possession of said automobile as stolen property, and to hold the same subject to said suit. Buchanan took possession of the automobile. During the pendency of this suit, Stanford claimed to Buchanan that he was the owner of the automobile which had thus been taken from Simms. Buchanan delivered the automobile to Stanford and received from him $100 reward for recovering the same.

Craven recovered judgment against Simms for title and possession of said automobile. A writ of possession was issued and placed in the hands of Buchanan, commanding him to deliver possession of said automobile to Craven, "as against said Guy Simms and all persons claiming same under or through him since the institution of this suit."

When said writ was received, Stanford was in possession of the automobile, having received such possession from Buchanan as hereinbefore stated. He was claiming same, not under Simms, but as having been stolen from him by Simms.

Buchanan demanded and received from F. A. Craven an indemnity bond. F. A. Craven gave such bond, with A. R. Craven and Louis Lipshitz, appellants herein, as sureties, which was as follows:

"F. A. Craven v. Guy Simms. No. 11654. Whereas, a writ of possession has been issued in an action pending in the county court in and for the county of McLennan, state of Texas, in favor of the above-named plaintiff, against the said Guy Simms as defendant, which by the direction of the plaintiff has been levied by Bob Buchanan, sheriff of McLennan county, upon certain goods and chattels, viz.: One five-passenger Ford automobile, original state license No. 394588, said number having been changed and the present number as follows: Engine No. 3745261, or said number is 3745267, and the present license number of 431532: Now, therefore, in consideration that the said Bob Buchanan, as sheriff, has levied (or shall levy) said writ of possession upon the above-described property, we, F. A. Craven, as principal, and the other signers hereto as sureties, acknowledge ourselves bound to pay to Bob Buchanan, sheriff as aforesaid, the sum of one thousand $^{00}/_{100}$ dollars, conditioned that the above bound F. A. Craven shall well and sufficiently indemnify, save and keep harmless the said Bob Buchanan, sheriff as aforesaid, from all costs, damages and suits that he may incur, or become liable to, in consequence of the levy of the said writ of possession, and shall pay off, cancel and discharge all judgments, damages and costs that may be rendered against the said Bob Buchanan, as sheriff, by reason of said levy.

"Witness our hands, this 2d day of Nov., A. D. 1920.    [Signed] F. A. Craven.
"A. R. Craven.
"Louis Lipshitz."

"The foregoing bond approved, this 2d day of Nov., A. D. 1920. Bob Buchanan, Sheriff, McLennan County, Texas, by [Signed] I. M. Wood, Deputy."

Buchanan executed said writ by taking possession of the automobile and delivering the same to F. A. Craven. Thereafter Stanford brought suit against Craven and Buchanan for the conversion of said automobile, and recovered judgment against them, jointly and severally, for the sum of $600, the alleged value of the automobile. This judgment has not been paid in whole or in part. No appeal was taken from either of said judgments.

The appellants, who were sureties on Buchanan's indemnity bond, were not parties to this suit, nor were they legally notified of the same by Buchanan, nor were they requested by him to defend same.

After Stanford recovered judgment against F. A. Craven and Bob Buchanan, Buchanan, the appellee herein, brought suit against the principal and sureties on said indemnity bond, and recovered judgment against them for $600, with interest thereon from November 3, 1920, and $46.45, costs in the suit of Stanford v. F. A. Craven and Bob Buchanan, and all costs in this suit.

This appeal is prosecuted by said bondsmen from the judgment last above mentioned.

Upon the trial of this cause, no evidence was introduced as to the value of the auto-

mobile, nor as to Stanford's ownership thereof. The judgment recites as a basis therefor:

"That said judgment as rendered in said cause No. 11775 (Stanford v. F. A. Craven and Bob Buchanan) is a valid outstanding judgment, and has not been paid."

## Opinion.

The principal issues presented on this appeal arise from the contentions of appellants that—

(1) The indemnity bond executed by appellants is void, for the reason that the appellee, sheriff of McLennan county, having received from a court of competent jurisdiction a writ of possession issued on a valid judgment, commanding him to do what he did do, namely, seize and turn over to F. A. Craven the automobile described in said writ, he was bound to obey said order, and had no legal right to demand an indemnity bond of said Craven.

(2) That if said writ did not authorize the appellee Buchanan to seize the automobile, he had no legal right to require indemnity against the consequences of his illegal act.

(3) That the judgment in the case of Stanford v. Buchanan was not binding on appellants, for the reason that they were not parties to said suit, and were not legally notified as to its pendency.

[1, 2] It is true, as a general proposition, that an officer is bound to obey the legal orders of a court, and is not entitled to be indemnified for so doing.

[3] Without entering into a discussion of this proposition, it is sufficient to say that in the instant case the writ of possession was against Simms and those claiming under him, and did not authorize the sheriff to take the automobile from the owner of same, who was not a party to the suit of Craven v. Simms. The sheriff found the automobile in the possession of Stanford, who claimed to be the owner thereof by title other than under Simms. Such claim may or may not have been well founded. To seize the automobile in the possession of Stanford was to commit a trespass, if it belonged to Stanford. Cabell v. Shoe Co., 81 Tex. 107, 108, 16 S. W. 811; Vickery v. Crawford, 93 Tex. 373, 55 S. W. 560, 49 L. R. A. 773, 77 Am. St. Rep. 891; Id. (Tex. Civ. App.) 57 S. W. 326; Campbell v. Ulch, 24 Tex. Civ. App. 618, 60 S. W. 272; Bassham v. Evans (Tex. Civ. App.) 216 S. W. 448. The sheriff was not required to determine the ownership of the automobile at his peril. He was clearly within his rights when he said to Craven: If you want this issue tried, give me an indemnity bond and I will seize the automobile and turn it over to you. It was held in Illies v. Fitzgerald, 11 Tex. 427, that the sheriff had the right to require an indemnity bond where he was honestly in doubt as to

his right to make the levy. "The rule of law, that a contract to indemnify for doing an illegal act, is void, must be subject to the qualification that the act is known to be illegal at the time of entering into the contract."

As to the second proposition, supra, the writ described the particular automobile seized by the sheriff, and authorized him to seize the same, if Stanford was not lawfully in possession thereof. As above stated, the sheriff was not required to adjudicate this issue, but had the right to require Craven to assume such responsibility by giving an indemnity bond.

[4] It is urged by appellants that the sheriff committed a wrong in delivering possession of the automobile to Stanford, but for which it would have remained in his possession, and he could have executed the writ of possession without committing a trespass against Stanford; and that he should not be permitted to take advantage of his own wrong.

Appellee Buchanan committed no legal wrong against Craven in delivering the automobile to Stanford. He was not holding the same under any legal process. Had he refused to deliver it to Stanford, if Stanford could have shown, as he did in his suit against Craven, that he was the owner of the machine, appellee would have been liable to Stanford for conversion. If Craven wanted appellee to hold the automobile subject to the judgment to be rendered in his suit against Simms, he could have required appellee to do so, unless replevied, by suing out a writ of sequestration in that cause.

[5] As to the third contention, supra, it is true, as a general proposition, that judgments are binding only upon the parties thereto and their privies. A seeming exception is where a party has executed a bond as surety in a pending suit, such as an attachment, injunction, sequestration, or replevy bond, he need not be made a formal party, or notified to defend, in order for a judgment on such bond to be binding on him. This is not a real exception to the rule stated, for the reason that by voluntarily executing such bond the surety makes himself a party to the proceeding, and is in privity with his principal.

[6] An exception to the general rule that only parties and their privies are bound by a judgment is where a surety expressly covenants against the rendition of a judgment against his principal. In such case his covenant is broken and his liability is established when such judgment is entered, and the same thereupon becomes res adjudicata as to him. Browne v. French, 3 Tex. Civ. App. 445, 22 S. W. 583; Rapelye v. Prince, 4 Hill (N. Y.) 119, 40 Am. Dec. 267; Conner v. Reeves, 103 N. Y. 527, 9 N. E. 439; Freeman on Judgments, § 176; Bridgeport Ins. Co. v. Wilson, 34 N. Y. 275; Larson v. Deering,

97 Wash. 616, 166 Pac. 1119. For additional authorities, see cases cited in note to Robinson v. Baskins, 22 Am. St. Rep. 204. .

In Browne v. French, supra, Chief Justice Fisher said:

"The general rule upon this subject may be stated that, when it appears from the terms of the obligation that the surety has contracted to become bound by a judgment that has been or may be rendered in an action against his principal, it is conclusive against him, although he was not a party to the suit in which the judgment was obtained; but in an undertaking, general in character, such as the bond sued upon in this case, the judgment obtained against the principal therein only creates a prima facie liability against the surety who was not made a party or given an opportunity to defend the suit in which the judgment was obtained."

[7] Thus, in the instant case, had the undertaking of the indemnitors been to hold the sheriff harmless against any damages for which he might become liable by reason of the execution of the writ, this would have meant such damages as might be legally ascertained, and the sureties would not be bound by a judgment establishing such liability to which they were not parties, or of which they had not been notified to appear and defend. But here, in addition to a general undertaking to hold the sheriff harmless against the consequence of his executing the writ, the sureties specifically bound themselves, "to pay off, cancel, and discharge all judgments, damages and costs that may be rendered against the said Bob Buchanan, as sheriff, by reason of said levy." As a man binds himself, so shall he be bound, is an ancient maxim of law.

In Conner v. Reeves, supra, the bond was similar to the one here under consideration. Mr. Justice Andrews, in delivering the opinion of the court, said:

"The undertaking was not against damage merely but was an indemnity against liability by judgment as well (Rockfeller v. Donnelly, 8 Cow. 623, 628; Chase v. Hinmen, 8 Wend. 452). * * * When the covenant is one of indemnity against the recovery of a judgment, the cause of action on the covenant is complete the moment the judgment is recovered, and an action for damages may be immediately maintained thereon, measured by the amount of the judgment, and this although the judgment has not been paid by the covenantee, and although the covenantor was not a party, or had no notice of the former action. * * * 'Always, however, saving the right, as the law must in every case where the suit is between third persons, to contest the proceeding on the ground of fraudulent collusion, for the purpose of charging the surety.'" 103 N. Y. pp. 529, 530, 9 N. E. 440.

We have examined the other assignments of error herein and overrule them. We do not deem them of sufficient merit or importance to justify a further extension of this opinion by commenting thereon.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.