

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

~~JOHN C. XXXXX~~ PPERD

ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 8, 1939

Hon. Orville S. Carpenter, Chairman
and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Opinion No. 0-862
Re:  Is the refusal of a sheriff to levy
execution under a judgment on chattels
of a judgment debtor in a suit filed un-
der the Texas Unemployment Compensation
Act until he is furnished an indemnity
bond justified, and can the State furnish
Dear Sir:         such bond?

        We are in receipt of your letter of May 24, 1939, in
which you request the opinion of this department on the follow-
ing questions:

        "The Texas Unemployment Compensation Commission
    is required by the Texas Unemployment Compensation
    Act to file civil actions for the collection of con-
    tributions, penalties or interest thereon in the name
    of the State and the Attorney General.  Judgments
    rendered in such actions are, therefore, judgments in
    the name of the State.

        "A sheriff has refused to levy execution under
    such judgment on chattels of a judgment debtor until
    such time as he is furnished an indemnity bond by the
    State.  Is his refusal justified?  Can the State furn-
    ish such indemnity bond"?

        It is a well recognized principle of law that, as a
general proposition, an officer is bound to obey the legal or-
ders of a court, and is not entitled to be indemnified for so
doing.  See Craven v. Buchanan 248 SW 69.

        It is also well established that a sheriff cannot
require a bond of indemnity before selling real estate. Bryan
v. Bridge, 6 Tex. 137.

        On the other hand, the courts of this state have gen-
erally recognized the right of an officer to require indemnity
before levying execution on personal property.  Seasongood v.

Campbell, 49 SW 407; Head v. Carlin, 240 SW 1051; Craven v. Buchanan, 248 SW 89; 38 Tex. Jur. 512:

"§ 71. Right to Exact Indemnity.-In contra-distinction to the rule where the levy is made on chattels, the plaintiff in a writ cannot be required to indemnify the officer for levying on real property, for the reason that a levy on land will not subject him to a suit for damages. With respect to chattels, however, the law has always recognized that the officer should be conceded the right to protect himself from a potential liability, notwithstanding that the chattels are in the possession of the debtor and are apparently subject to levy under the writ; and in the case of an attachment this right is recognized by statute. The officer is therefore within his rights in requiring indemnity where the defendant in the writ claims that the chattels are exempt from execution, or where some third person claims chattels that the officer believes to be available for levy under the writ, or where there exists some other ground for apprehending that a claim in trespass or conversion will follow a seizure of chattels specified in the writ or any property under a writ authorizing a levy on the debtor's property generally. Moreover, if a doubt should arise as to his right to proceed to a sale of chattels, the officer may exact indemnity after seizure and before a sale. As has been pointed out, any other rule would require the officer to determine the ownership of the chattels at his peril, and the true effect of R.S. art. 6873, requiring the sheriff to execute all process and precepts directed to him by legal authority is not to abrogate the ancient practice in this matter."

In this connection, we wish to point out that an officer has a statutory right to obtain a bond of indemnity when levying an attachment. Article 287 of the Revised Civil Statutes, 1925, giving him this rights, reads as follows:

"Whenever an officer shall levy an attachment, it shall be at his own risk. Such officer may, for his own indemnification, require the plaintiff in attachment to execute and deliver to him a bond of indemnity to secure him if it should afterward appear that the property levied upon by him does not belong to the defendant."

In none of the above authorities, however, is this right of the officer to an indemnity bond extended to a situation where the state is the judgment creditor.

Furthermore, although the officer or sheriff is entitled to indemnity in executions between private parties, the state occupies an entirely different status. It is in most instances granted privileges and immunities not conferred by law upon private parties to lawsuits.

38 Tex. Jur. 861:

" *** the state is granted certain immunities which are not available to other litigants, such as the right to be sued only with its consent, exemption from the requirement to give bond, and freedom from execution against it." (Underscoring ours).

As an illustration of this immunity from giving bonds, see Article 2276, Revised Civil Statutes of Texas, 1925, which reads in part, as follows:

"Neither the State of Texas, nor any county in the State of Texas, nor the Railroad Commission of Texas, nor the head of any department of the State of Texas, prosecuting or defending in any action in their official capacity, shall be required to give bond on any appeal or writ of error taken by it, or either of them, in any civil case."

3 Tex. Jur., 328

It is not, of course, our contention that article 2276, which refers to appeal bonds in civil actions, would exempt the state as a judgment creditor from being bound by the principle that a sheriff has the right to require an indemnity bond before levying execution on personal property. But, in the absence of express statutory immunity, in this particular instance, we believe the general theory of state exemption from the requirement to give bond would apply. After all, the sheriff is an officer of the court. As such he is not entitled to immunity for doing his duty in respect to the sovereignty of which he is an important agent.

Article 6873 of the Revised Civil Statutes, 1925, provides as follows:

be required to give bond on any appeal or writ
of error taken by it, or either of them, in any
civil case."

3 Tex. Jur., 328

It is not, of course, our contention that article 2276, which refers to appeal bonds in civil actions, would exempt the state as a judgment creditor from being bound by the principle that a sheriff has the right to require an indemnity bond before levying execution on personal property. But, in the absence of express statutory immunity, in this particular instance, we believe the general theory of state exemption from the requirement to give bond would apply. After all, the sheriff is an officer of the court. As such he is not entitled to immunity for doing his duty in respect to the sovereignty of which he is an important agent.

Article 6873 of the Revised Civil Statutes, 1925, provides as follows:

"Each sheriff shall execute all process and precepts directed to him by legal authority, and make return thereof to the proper court on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or who shall make a false return on any process or precept shall, for every such offense, be liable to be fined by the court to which such process is returnable, as for a contempt, not exceeding one hundred dollars at the discretion of the court, which fine shall go to the county treasury; and such sheriff shall also be liable to the party injured for all damages he may sustain."

It is our opinion that a sheriff is not justified in refusing to levy execution under a judgment in favor of the Texas Unemployment Compensation Commission on chattels of a judgment debtor because he has not been furnished an indemnity bond by the state.

The answer to your first question eliminates the necessity of considering the question of whether or not the state can furnish an indemnity bond.



Hon. Orville S. Carpenter, June 8, 1939, Page 5

Trusting that the above fully answers the inquiries submitted, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By　　　　Dick Stout
　　　　　Dick Stout
　　　　　Assistant

DS:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS.

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN