Walter H. RANKIN et al., Appellants,

v.

Patricia Colleen Thomas BELVIN, Appellee.

No. 961.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 27, 1974.

Rehearing Denied April 17, 1974.

Joe Resweber, Co. Atty., Billy E. Lee, George Red, Red & Kemp, Houston, for appellants.

Dan H. Hennigan, McCauley & Hennigan, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from a judgment entered pursuant to a motion under Articles 3825 and 3826, Vernon's Tex.Rev.Civ.Stat. Ann. (1966).

Appellee Patricia Colleen Thomas Belvin secured a divorce from her husband, Stanley Rube Belvin, on March 27, 1973. Paragraph seven of the divorce decree provided, "Plaintiff is hereby awarded Eight Hundred Fifty Dollars ($850.00) as attorney's fees on behalf of herself and her attorney of record Dan Hennigan, for which let execution issue if not timely paid." This amount was not paid, and appellee and her attorney sought to have Constable Walter Rankin levy execution. Constable Rankin refused to execute the writ unless appellee would provide him with an indemnity bond. Appellee refused, and, when the time for returning the writ had expired, appellee made this motion under Articles 3825 and 3826 against Constable Rankin and the surety on his bond, for the amount of judgment plus costs and interest. The court sustained the motion and awarded appellee judgment against Constable Rankin and his surety, Lawyers Surety Corporation, for $850.00 plus interest and costs.

Article 6873, Tex.Rev.Civ.Stat.Ann. (1960), provides as follows:

> Each sheriff shall execute all process and precepts directed to him by legal authority, and make return thereof to the proper court, on or before the day to which the same is returnable; and any sheriff who shall fail so to do, or who shall make a false return on any process or precept shall, for every such offense, be liable to be fined by the court to which such process is returnable, as for a contempt, not exceeding one hundred dollars at the discretion of the court, which fine shall go to the county treasury; and such sheriff shall also be liable to the party injured for all damages he may sustain.

Article 3825, Tex.Rev.Civ.Stat.Ann. (1966), provides:

> Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties.

Article 3826, Tex.Rev.Civ.Stat.Ann. (1966), provides:

> Should an officer neglect or refuse to return any execution as required by law, or should he make a false return thereon, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs to be recovered as provided in the preceding article.

The first question presented on this appeal is whether a levying officer can require an indemnity bond before levying execution on a judgment. The Texas Supreme Court first spoke to this problem in Illies v. Fitzgerald, 11 Tex. 417 (1854). In that case a writ of seizure was issued against mortgaged property in the hands of the mortgagor on the application of the mortgagee. The mortgagee provided the sheriff with an indemnity bond. The mortgagor later recovered a judgment against the sheriff for the trespass committed in seizing the goods. The sheriff then sought indemnity against Illies, the mortgagee. Illies contended that his indemnity bond was void, because if the levy was in fact proper, there would have been no consideration for the bond, and if levy was improper, it would be an indemnity against misfeasance, and therefore void. The Court considered this argument at great length and concluded that such a bond was valid and enforcible in the event that there were grounds of reasonable doubt in the mind of the sheriff. It further concluded that it was only just that the person who required the sheriff to act in the midst of uncertainty should indemnify him.

■ There is some uncertainty in the cases as to the exact effect of the ruling in the Illies decision. Several cases state the rule to be that a levying officer has the *right*, before levying on personal property, to require an indemnity bond. See Seasongood v. Campbell, 49 S.W. 407 (Tex.Civ. App.1899, no writ); Head v. Carlin, 240 S.W. 1051 (Tex.Civ.App.-El Paso 1922, no writ). Other cases indicate that a levying officer has the option to require an indemnity bond under situations which raise doubts as to the propriety of the execution. See Vickery v. Crawford, 93 Tex. 373, 55 S.W. 560 (1900); Campbell v. Ulch, 24 Tex.Civ.App. 618, 60 S.W. 272 (1900, no writ). In Craven v. Buchanan, 248 S.W. 89 (Tex.Civ.App.-Austin 1822, writ dism'd w. o. j.), Sheriff Buchanan was ordered to seize an automobile pursuant to a writ of possession issued on a judgment. When he attempted to levy execution he found that there was considerable question as to the ownership of the vehicle. It developed that the execution was wrongful, and

Buchanan brought this action against the judgment creditor on his indemnity bond. The court stated the rule as follows:

> The sheriff was not required to determine the ownership of the automobile at his peril. He was clearly within his rights when he said to Craven: If you want this issue tried, give me an indemnity bond and I will seize the automobile and turn it over to you. It was held in Illies v. Fitzgerald . . . that the sheriff had the right to require an indemnity bond where he was honestly in doubt as to his right to make the levy.

The reasoning and rule of the Craven case was also followed in the more recent decision of Fant Milling Co. v. May, 240 S.W. 2d 445 (Tex.Civ.App.-Dallas 1951, writ ref'd n. r. e.). Based on these decisions, we hold that a levying officer has the right to require an indemnity bond before levying execution when, as a matter of his discretion, he has a reasonable doubt as to the ownership of the property, the enforcibility of the judgment, or other matters affecting the propriety of the execution.

■ Appellant Rankin raises two possible defenses to his failure to execute the writ, in the event that he was not correct in demanding an indemnity bond before acting. First, he contends that the execution was void on its face. That writ was on a standard form with the blanks filled in by typewriter. Rankin contends that the language "Eight Hundred Fifty ($850.00) attorneys fees, Dollars," which appears twice in the writ, is so ambiguous that he was not apprised of the amount of the judgment on which he was to execute. It is true, as appellant contends, that when there is a variance between unambiguous written words and figures in a negotiable or non-negotiable instrument, the words prevail over the figures as a matter of law. Guthrie v. National Homes Corporation, 394 S.W.2d 494 (Tex.Sup.1965). Nevertheless, there is no variance between the words and figures in this writ. The only confusion comes from the insertion of the words "attorneys fees" before the word "Dollars." There is no uncertainty as to the exact amount which the constable was directed to raise by execution. The indication of "attorneys fees" is mere explanation and would have absolutely no bearing on the amount; nor should it be of any concern to the executing officer what the monies recovered will be used for, so long as the execution is made on a proper judgment. Appellant also contends that the inclusion in the writ of "Dan Hennigan" as attorney of record makes the writ void on its face, because the pleadings and papers on file in the case indicate that Hennigan's law partner, Worth B. McCauley, was the attorney of record for Patricia Belvin. Rankin contends that a judgment in favor of one not a party to the lawsuit is void; therefore, a writ of execution on that judgment is also void. The judgment itself recites that Dan Hennigan was the attorney of record for Patricia Belvin in the trial court. It further appears in the record that Worth B. McCauley was the law partner of Hennigan. Under these circumstances, the judgment naming Hennigan was valid, and the writ issued on that judgment was also valid.

■ Rankin's second defensive theory was that he acted in reliance on opinions of the county attorney. We have read those opinions and find that they are in accord with our holding as to a levying officer's right to demand indemnity. There is also in the record a memorandum to Constable Rankin from the County Attorney's office advising that "you are substantiated . . . in your doubts of the propriety of making a levy without protecting yourself by an indemnity bond." This memorandum, however, recites that it was written after the expiration date of the limitation period on the writ of execution involved in this case. Constable Rankin's reliance on County Attorney's opinions in no way removes the requirement that he have a reasonable doubt in his discretion as to the propriety of the execution. Therefore, we must turn to the question of whether Con-

stable Rankin abused his discretion in refusing to levy execution in this case without first being furnished an indemnity bond.

■ In answer to interrogatories incident to the original divorce proceeding, Stanley Belvin disclosed that he owned as separate property one Cris-Craft motor boat. He stated that there was a $7,000 security interest against the boat held by the Conoco Federal Credit Union and that he had a $200 equity in the boat. He further stated that his wife had agreed that she would lay no claim to the boat, as he had purchased it after their separation. The divorce decree awarded the motor boat to Stanley Belvin as his separate property. After a judgment, attorney Dan Hennigan sought a writ of execution for his attorney's fees and designated for execution the Cris-Craft motor boat and gave as its location the Seabrook Shipyard, Shed D, Stall 2 and gave its Texas license number as TX 4322 XP. Appellant first claims that the fact that Stanley Belvin disclosed a $7,000 security interest in the boat in the Conoco Federal Credit Union was sufficient grounds to require indemnity. Nevertheless, as a matter of law, the existence of prior liens on property does not justify a failure to levy a writ, since the judgment debtor's equity in the property is subject to his debts. The judgment creditor has the right to have the equity sold for what it will bring and have the proceeds applied to his judgment. Smothers v. Field, Thayer & Co., 65 Tex. 435 (Tex.Sup.1886); Hackler v. H. Kohnstamm & Co. of Texas, 227 S.W.2d 347 (Tex.Civ.App.-Dallas 1950, no writ).

■ The second question under these facts which might give rise to a reasonable doubt in the mind of the Constable, is the fact that the property was in the possession of a third person. No statement of facts was filed with this appeal, and in the absence of a statement of facts an appellate court must presume that there was sufficient evidence to support the judgment.

Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (Tex.Sup.1951). We therefore must presume that the third party possession was not such as would give rise to a reasonable doubt in the Constable's mind.

■ Under all the facts and circumstances, we hold that the constable abused his discretion in requiring bond in this case.

The judgment of the trial court is affirmed.