Hemphill, Oh. J.
The first question made is whether a District Court has the power to quash a return of the sheriff.
Of this there can be no doubt in proper cases, and we have so decided in effect in tiie case of Scott & Rose v. Allen, (1 Tex. R., 508.) For instance, where the levy and returns made are not in accordance with law, they may be quashed, or where facts are stated which show there was no levy in fact, the return may be vacated and set aside.
The next question is whether there was error in the judgment of the court quashing the return in this case.
It is very clear there was no error in quashing all that part of the return in which tiie acts and sayings of the sheriff and others relative to the negro man Philip were set forth. He had in fact made no levy upon the negro. He liad not at any time had possession of the property. He received only the name, not the body, of the slave from tiie defendants, and upon that lie indorsed what he denominates his-levy.
Now, it is essential to the validity of a levy of personal property that the officer should make seizure or take actual possession of the goods. 1-Ie must not only have a view of tiie property, but he must assert Ills title to them by such act as would subject him to trespass were it not for the process. (10 S. & M. R.. 35 ; 14 Wend. R., 123.)
The whole of tiie statement in relation to tiie negro is superfluous. It is not the return of any act which was in conformity with the exigent of tiie writ, and should have been stricken out and quashed as impertinent surplusage.
But the question in relation to the vacating and annulling the latter portion of (.lie return is of a more grave character.
This shows tiiat laud liad been levied upon as tiie property of one of the defendants, and after they had refused to point out any property for levy, the sheriff also certifying that lie did not know of any personal property which belonged to the defendants. It is contended that this levy was illegal because made on a designation of property by tiie plaintiffs’ counsel, who had no right to make such designation.
Tiie statute of 1842, in relation to executions, in its 4th section (Digest, art. 1327) declares that tiie defendant,, his agent or attorney, in all cases shall have tiie right to designate tiie property to”bo levied on, provided said property shall be in the county where judgment shall have been rendered or to which execution may be issued; and if the defendant, his agent or attorney, shall fail or refuse to designate the same, it being his property, then the levy shall be made in tiie following manner: first, on personal or movable property; then on uncultivated lauds; then on slaves; and, lastly, on the improved lands or homestead of the defendant.
It appears from the statute that the defendant has the right in all cases to designate properly for levy; but should he fail or refuse to exercise this privilege, the sheriff may proceed to levy in the order prescribed by the law. The plaintiff has no right, in any case where the property is to be sold without appraisement, to insist upon making a designation. The sheriff is not required to call on him for that purpose. But though the sheriff be not required to take his designation, yet he may adopt it as his own ; and if ho do so, and tiie levy be in conformity with law, it must be disposed of before other property can be taken in satisfaction of the execution.
The 19th section of the act of 1842 offers to the defendant, when the property is to be sold under appraisement, the privilege of twice pointing out such as lie may choose to surrender in satisfaction of the debt, but on the *72 third levy the plaintiff has the right of designation. This the sheriff would he compelled to respect and to carry into execution. But any designation by the plaintiff in the first and second levies would be illegal, and the levies would be contrary to law, and might be quashed. Where the sale is with appraisement the defendant and the plaintiff have distinct rights of pointing out property for sale: the defendant on the first two and the plaintiff on the succeeding levies. Neither of them can interfere with the other; and the levy of the sheriff mint be based on the act of the party who lias the right to poiut out property, or it may be annulled. But in sales without appraisement the statute in no ease confers the right of designation on the plaintiff. It gives him no privilege; nor does it impose upon the sheriff any obligation to respect such designation; nor would lie be liable if he disregarded it. lie must exercise his own judgment. The act of the plaintiff would be nugatory; it would not affect the validity of the levy. If personal property wore taken, the sheriff, if lie doubted I he litie of the defendant ip execution, might demand a bond of the indemnify from the plaintiff before sale; but I. am not aware of any principle or rule which requires such security where the realty has been the subject of levy, nor which would, on denial of such security, justify the sheriff in abandoning the levy and refusing to sell the property. He has made the levy his own, and he might as well have stated it to be at the instance of any third person as of the plaintiff. The act of neither can be assumed as the foundation of the sheriff’s procedure, nor does it either justify or nullify his action. It has no effect upon it, at least where the only question is whether the levy is valid or not.
Note 21.—Portia v. Parker, 8 T., 23; Converse & Co. v. McKee, 14 T., 30; Brown v. Lane, 19 T., 203.
Note 22.—Sydnor v. Roberts, 13 T., 598; Kendrick v. Rice, 16 T., 251.
We are of opinion that the levy upon the land was valid, and that there was errqr in quashing that portion which relates exclusively to the action of the sheriff in levying upon the land.
The return may possibly be amended, and it will be remanded that such action may be taken as may be in conformity wilh this opinion and with the law, and that the parties may take such further action as may he deemed advisable. It is therefore ordered thád the judgment he reversed and the cause remanded, with directions to enter such judgment as may be in conformity with this opinion and the law.
Judgment reversed.