Hemphill, Oh. J.
The objection to this return is that it nowhere shows an actual seizure of tlie property or the performance of any suohact by way of asserting title as would have subjected the sheriff to an action for the trespass were lie not protected by the process. In tlie case of Ilasbrook & Bryan v. Tlie Bridges, we held at tlie last term that an actual possession of personal property was essential to tlie validity of the levy, and that the act of taking possession must be of such character as would make the officer, if not protected by the process, liable for the trespass. The mode in which a levy on personal property must be made is not indicated in the statute regulating executions, but there are various provisions relative to the responsibility, &e., of the sheriff for the production of the property levied upon, which must be predicated upon the fact of previous seizure and possession. The defendant in execution {art. 1330, Dig.) is authorized to retain possession of slaves and personal property levied upon on giving bond and security for its delivery; and by art. 1334 it is made the duty of tlie sheriff to securely keep all property levied upon by him for which no delivery bond is given, and he is made responsible for any losses and damages resulting from his negligence. The sheriff is not in express terms required to take actual possession of the property, but this is implied as to all property of which possession can be taken; otherwise, how is the sheriff- to keep it securely, so as to have it forthcoming in satisfaction of the judgment? The act of possession must be according to the nature of the properly. If it be of goods, for distance, they should be brought within his view and he subject to his control; and he may take an inventory of them, or perform some open and unequivocal act in-assertion of his title which would operate to disturb and divest the possession of the defendant.
His act in the assertion of his right to the property must be open aud notorious, and such as would be susceptible of proof if called in question. If secret levies and claims to property without possession or control were tolerated, tlie rights of parties interested would be greatly embarrassed, and third parties without the means of knowledge of such claims might he made tlie victims of their ignorance. (14 Wend. R., 123; 3 Id., 450; 16 Johns. R., 288 ; 10 S. & M. K., 35.)
Let us examine now the character of this levy as presented in the return and in the record.
Tlie cattle, it is stated by tlie sheriff, were levied upon as they run; and the return continues to state, in effect, that all tlie property mentioned in tlie above levy was claimed by Bebecca Portis, who made the usual oath and bond with sureties for (he forthcoming of the property and the payment of all damages that may be awarded against her in case she failed to establish her right. The return does not show that the cattle Were herded or taken possession of ill any way; nor docs it explicitly state whether lie had a view or control of the property; nor is there any proof as to the notoriety of the acts and declarations of the sheriff at the time of making the levy; nor is there any evidence tending to show, on the other hand, that the levy Was secret, that tlie sheriff made no declarations or performed no acts indicating his intention to levy upon and seize the property.
But what are the circumstances as they appear on the record? It appears that immediately upon the levy, Mrs. Bebecca Portis asserted her claim to the property as a portion of her separate estate; and the presumption is from such claim, though it is nowhere stated, that she was tlie wife of tlie defendant, aud that tlie property wus claimed as her own in contradistinction to the separate rig-lit of the husband or of the community, Now it will he admitted that if a delivery bond had been given by the defendant hii.nself it would operate as an estoppel aud conclude him from denying that there was no levy. *14 There may be cases of extortion of bonds, coZore officii, by which the right of denying the levy by the defendant would not.be comproiiiitted; but generally be must be estopped bjr his own acts ; and the plaintiff in execution could not complain, as lie would have additional security that bis claim would be finally satisfied. Now, is there any difference in point, of fact, so far as the knowledge and the rights of the defendant are affected, between the execution of a delivery bond by himself and one by his wife, that the property shall be returned to the sheriff provided her claim be not established? The presumption is that husband and wife live together; the property is by law under his control; and that he is apprised of the acts of his wife in relation to such property, and consequently of the acts and declarations of the sheriff in seizing, possessing, or taking control of the property, and which were the inducement to the assertion of the claim by the wife. She would of course look to him for advice and assistance in support of her rights, although in cases of this character the courts would be bound to vigilance in protecting the property of the wife from the open assaults of the husband’s creditors and the secret connivance of the husband himself. But ordinarily, where the parties live together, and the rvife upon levy asserts her claim to the property and gives assurances for its delivery, lie could not deny knowledge of such levy, or that it was of such character as would have deprived himself and wife of tiie possession, had a bond not been given for its return to the sheriff on failure to establish her rig-lit. It may be admitted that the return of the sheriff, if the claim had been interposed by some third parts'-, would have been insufficient without amendment and without proof, aliunde, of facts establishing the notoriety of the levy and a disturbance of the possession of the defendant; but under all tlie circumstances indicated by the return in this case we deem the levy sufficient, and (hut its validity cannot be disputed by the defendant. If the sheriff were sued for a trespass to the properly lie could not contest the fact of seizure. The taking of the bond would preclude him from denying that he had such possession as justified him, ou its surrender, to demand a. bond for the return of the property. If the defendant himself, to preserve possession, liad been compelled to execute a delivery bond, lie might have shown such fact in proof of the trespass; and if liis wife, living with him, had been obliged, for the protection of her own rights and to prevent the abstraction and possible loss of such properly, lo execute a return bond, such fact would also be evidence of seizure by the sheriff.
It is difficult to prescribe any special mode for a levy upon wild cattle. A levy must combine notoriety with such seizure as would enable the sheriff to control and keep in safety the property. At (lie same time the possession must be according to (lie nature of the properly, and the act of the sheriff should not subject the defendant to any unnecessary expenses to be incurred for its preservation. If wild cattle were penned and fed until the day of sale, the expenses would consume a great portion of the property. If herdsmen were employed to guard them, the charges would be onerous on the defendant. It may be said that the latter can always avoid such expense by giving bond for delivery. This might not always be convenient, and in many cases would be oppressive. As the subject of a proper rule in such cases has not been discussed by counsel, I will waive further remarks.
As the argument has extended to the validity of the execution, though no prayer is made that it be quashed, I will barely say that the objection to the, style of the process, where this has performed its functions and the rights of parties depend on its validity, cannot be sustained. The terms employed here maybe treated either as a style or as a caption. No caption, no venue, in fact, is necessary. The addition of (lie name, of the county may be rejected as surplusage, and “The State of Texas” would then stand alone and give character and style to the process. Had the objection been taken to the process in limine, it might have been quashed or amended, and such would he *15 the better practice. The style, as such, gives authority to the officer, and it should not be coupled with additions which, ii not rejected, would reduce it to a mere description of the place whence the process emanated. IVc are of opinion that there was no error in the judgment, and it is ordered that the same be affirmed.
Note 3. — Bryan v. Bridge, 6 T., 137; Converge & Co. v. McKee, 14 T., 30. A valid levy and sale of the interest of a part owner cannot be made unless the property is present or in some way under the control oí the sheriff. (Brown v. Lane, 19 T., 203.)
Judgment affirmed.