### JONES & NIXON V. FIRST STATE BANK OF HAMLIN ET AL.

#### No. 2346.   Decided February 10, 1915.

**1.—Attachment—Quashing—Waiver of Trespass.**

By procuring a writ of attachment levied on his property to be quashed and the property restored to him the defendant waives his right to treat the seizure under the writ as a conversion.   (P. 574.)

**2.—Attachment—Levy on Partnership Property.**

A levy on partnership property of an attachment against one member of the firm is made by leaving notice with a member thereof or a clerk, not by seizing the property (Rev. Stats., 1911, art. 3743). Such levy did not interfere with the possession of the property by the partnership; the quashing of the writ on defendants' motion discharged the lien created by the levy; and the partnership, its possession and control not having been interfered with thereby, could not maintain action against the sheriff and plaintiff in attachment for conversion of the property levied on, except so far as same may have been actually taken into possession and disposed of.   (Pp. 574, 575.)

Error to the Court of Civil Appeals, Second District, in an appeal from Jones County.

Jones & Nixon sued the First State Bank of Hamlin, with whom was joined the sheriff and his sureties, for unlawful seizure and conversion of partnership property by levy of a writ of attachment against Nixon thereon. Plaintiffs had judgment for $27.08, the value of a small part of the property which had been actually taken into possession and converted under the writ, but were denied any further recovery. They appealed and on affirmance obtained writ of error.

*J. B. McMahon,* for plaintiffs in error.—The action of the defendant in error in levying on and taking possession of the partnership property of Jones & Nixon, under the facts and circumstances in this case, constituted a conversion thereof; and the plaintiffs in error had a right to so treat the same and to prosecute their action for a conversion thereof; and the action of F. L. Nixon in causing the attachment proceedings to be quashed and the suit dismissed did not constitute a waiver of plaintiffs in error's right to maintain their suit for conversion of the partnership wood.   Crawford v. Thomason, 53 Texas Civ. App., 563; Campbell v. Ulch, 24 Texas Civ. App., 618; Hofschulte v. Panhandle Hardware Co., 50 S. W., 608; Middlebrook v. Zapp, 79 Texas, 321; Gunter v. Cobb, 82 Texas, 599; Summer v. Crawford, 91 Texas, 129; Currie v. Stewart, 26 S. W., 127; Wettermark v. Campbell, 93 Texas, 517; Epps v. Hazelwood, 40 Texas Civ. App., 325; Hines v. Norris, 81 S. W., 792; Terry v. Webb, 96 S. W., 70.

The wrongful seizure of plaintiffs in error's property for the debt of Nixon after notice of appellees' ownership warranted recovery of exemplary damages.   Epps v. Hazelwood, 40 Texas Civ. App., 325; Cone v. Lewis, 64 Texas, 331; Gross v. Hayes, 73 Texas, 518; San Antonio & A. P. Ry. Co. v. Kniffen, 4 Texas Civ. App., 484; Jacobs, Bernheim & Co. v. Crum, 62 Texas, 408; Craddock v. Goodwin, 54 Texas, 578; Ellis v. Steine, 55 S. W., 758.

*Woodruff & Yantis, G. M. Shelton, Spence, Knight, Baker & Harris,* and *Alex F. Weisberg,* for defendants in error.—Where a suit is for conversion of personal property under writ of attachment and it appears that there was a mere nominal levy of the writ, that the officer at no time took more than a constructive possession of the property, that the defendant in the writ took affirmative action to have the attachment proceedings abated and dismissed, and that this was done on his motion, the defendant in the attachment, being the owner of the property, can not then refuse to resume possession of his property, which is then practically intact, and hold the officer and plaintiff in attachment liable as for trover, and for conversion of the property, and recover the full value of the property against them.   Rand v. Sargeant, 23 Maine, 326, 39 Am. Dec., 625; Fernold v. Chase, 37 Maine, 289; Bigelow Co. v. Heintze, 21 Atl., 109; Hiort. v. Railway Co., 4 Exch. Div., 188-195; Polley v. Lenox Iron Works, 15 Gray (Mass.), 513; 28 Am. & Eng. Ency. of Law, p. 69, notes 2, 3, 4 and cases cited; Shinn, Attachment and Garnishment, sec. 386; Bullock v. Borders, 6 Blackf. (Ind.), 161; Michels v. Stork, 44 Mich., 2; 3 Am. & Eng. Ency. of Law, pp. 246-247, note 1; Bryan v. Bridge, 6 Texas, 137; 11 Am. & Eng. Ency. of Law, p. 655, note 4, pp. 659-660, note 1; Hollister v. Goodale, 8 Conn., 332; 21 Am. Dec., 674; Jones v. Howard, 99 Ga., 451, 59 Am. St., 231; Shanklin v. Francis, 67 Mo. App., 457; 4 Cyc., p. 585, note 20; 4 Cyc., p. 586, notes 25 and 26; Huntington v. Blaisdell, 2 N. H., 317; Runlett v. Bailey, 5 N. H., 433; Chadbourne v. Sumner, 16 N. H., 129; Young v. Walker, 12 N. H., 506; Weston v. Dorr, 25 Maine, 176; Lowe v. NeSmith, 77 S. W., 32.

Where there has been a mere constructive levy upon personal property under a writ of attachment, but the property itself is not more removed from the control or possession of the defendant than it was before the levy, and where, when the writ is quashed the property remains exactly where it was before the levy, and where defendants in the writ have never been denied access and control over said property, defendant in the writ is not entitled to recover the value of the property as for a conversion.   Same authorities.   See also Lowe v. NeSmith, 77 S. W., 32; Hogan v. Kellum, 13 Texas, 396; Bigelow Co. v. Heintze, 21 Alt., 109; Delano v. Curtis, 7 Allen, 470; Hiort v. Railway Co., 4 Exch. Div., 188-195.

Mr. Chief Justice BROWN delivered the opinion of the court.

We copy from the opinion of the Court of Civil Appeals the following statement of the case:

"Jones & Nixon as partners were dealers in wood at Hamlin, Nixon being the sole managing partner and Jones living in an adjoining county.   The First State Bank of Hamlin instituted a suit against Nixon, and on the 21st day of March, 1908, caused the issuance of an attachment for the purpose of a levy upon ten hundred and forty-two cords of wood, the greater part of which had been cut and stacked upon the right of way of the railway penetrating Hamlin.   The remainder of

the wood was situated in an adjoining pasture where it had been cut and corded. The deputy sheriff, one C. W. Robinson, to whom the writ was delivered, made the levy complained of in substantially the following manner: He met appellant Nixon upon the street, informed him that he had 'papers for him' and read the writ of attachment to him. He then went with an officer of the bank where the wood along the right of way was pointed out to him and endorsed the writ as levied. He at the same time levied upon two lots, the individual property of Nixon, by merely going to where the lots were situated and endorsing the levy thereon upon the writ. Thereafter until the writ of attachment hereinafter mentioned was quashed, the officer from time to time 'kept an eye' on the wood for the purpose of seeing that it was not disturbed or taken by anyone, and also in order to prepare the way for some plowing to be done in the pasture, removed about sixty of the cords therein situated to the right of way where it was deposited with the main body and from six to twelve cords of the wood were sold in order to pay the expenses for this removal. It further appears that the appellant Jones, when he heard of the attachment, telephoned from the adjoining county to an officer of the bank and was informed that 'his wood' had not been levied upon and that he could at any time come and get his part. Other than as stated it does not appear that the officer making the levy or attempted levy of the writ of attachment either took actual possession of the wood or that at any time he forbade either of the appellants or any other person to remove it. Some time after the proceedings above stated the appellant Nixon presented and pressed to a successful termination motions to quash the writ of attachment and to abate the suit, which, as before stated, we held on the former appeal had the legal effect of a waiver of the trespass, if any, committed by the officer in making the levy. We think this conclusion was correct and that the court's charge was not erroneous in so presenting it to the jury."

A levy of attachment upon the wood by the sheriff in this case was made in accordance with article 3743, Vernon's Sayles' Civil Statutes, which is in the following language:

"A levy upon the interest of a partner in partnership property is made by leaving a notice with one or more of the partners, or with a clerk of the partnership."

The levy of this attachment was an attempt to comply with the statute and therefore did not interfere with the possession of either of the partners, but the property remained in the possession of the partnership, subject to sale of the partner's interest, under and by virtue of the levy. If the suit had proceeded to final judgment, the attachment would have been foreclosed upon only the interest of the partner who is defendant in the suit, and sale would have been made of that interest only. Such a levy neither disturbed the possession of the partnership, nor any individual member of it. Therefore, it was impossible that it should have had any effect so far as the control of the property was

concerned, and there could not possibly have been any conversion of the property if the statute had been pursued, which was not denied.

If the property levied upon had been the individual property of the debtor who was sued, then the levy must have been made by taking the property into possession by the officer, and could not have been lawfully made otherwise, in which event there would have been a deprivation of the right of property, which would constitute conversion. Under such a levy the defendant, in order to get possession of the property, would have been required to execute a replevy bond when the attachment was quashed. But in this case there being no possession in the sheriff, the quashing of the attachment had no effect upon the right of property or possession of it. The property remained in the possession of the partnership just as it was before the levy.

In suits against individuals where an attachment has been levied upon property, in order to release it, there must be a replevy bond given, and in such instances the sheriff has the actual possession by reason of the levy, and may be said to have converted it. But in a case like this where no possession passes to the sheriff, the quashing of the attachment has no effect upon the possession nor upon any right of the defendant, because, it being the property of a partnership, it remains, after the levy, in the possession, both of the defendant in the writ and other members of the firm. Art. 270, Vernon's Sayles' Civ. Stats.

The effect of the quashing of the attachment was simply to discharge the property from the lien created by the levy. The possession was not affected. As we have said, if it had been an individual suit against the defendant Nixon, upon the quashal of the writ, there would have been a necessity for him to give a replevy bond, except for the further fact that at the same time he secured the discontinuance of the suit. Therefore, in this case there being no possession to be regained, there would be no change in the status of the property by the dismissal of this suit, except that it would be entirely free from all right of the plaintiff in the attachment against the interest of Nixon in the partnership. The act of Nixon in securing the dissolution of the attachment and the dismissal of the case by the plaintiff in the suit terminated the whole matter, and left the defendant Nixon, as well as the partnership, in possession. Therefore, as they had not been deprived of possession, they had no right to recover from the sheriff, the defendant in this suit, the value of the property. It had never been converted in any sense whatever.

We are of opinion that the Court of Civil Appeals properly decided this case, and the opinion of the judge in that case states clearly and correctly the law which should govern it. It is therefore ordered that the judgment of the Court of Civil Appeals be affirmed.

*Affirmed.*