### HEAD, Sheriff, et al. v. CARLIN.
#### (No. 1328.)

(Court of Civil Appeals of Texas. El Paso. April 27, 1922.)

**1. Sheriffs and constables ⬤➝90—Sheriffs have a right to an indemnity bond before levying on personalty.**

Sheriffs have a right to demand an indemnity bond in proper cases before levying on personalty.

**2. Sheriffs and constables ⬤➝90—Sheriff held entitled to an indemnity bond before levying execution.**

Where a sheriff was directed to seize a string of tools in possession of a party not named in a writ of execution, where the string of tools were not so described as to distinguish them from numerous other similar strings in the same county, the sheriff had a right to demand an indemnity bond before levying.

**3. Sheriffs and constables ⬤➝163—Sheriff held not liable on bond for refusal to levy execution.**

Where plaintiff, a judgment creditor, refused to give a sheriff an indemnity bond in a proper case for such bond before levying execution on certain property pointed out by plaintiff, the sheriff and his sureties were not liable on his official bond for refusal to levy.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Motion by C. D. Carlin on the official bond of L. D. Head, as sheriff, for damages from refusal to levy execution on a judgment in favor of Carlin. From judgment for Carlin, L. D. Head and others appeal. Reversed and rendered.

E. W. Bounds, of Fort Worth, for appellants.

J. B. Perry, of Eastland, for appellee.

HIGGINS, J. Appellee, Carlin, obtained a judgment in the county court at law of Eastland county against J. H. Kruse for

$980, with foreclosure of lien upon which an order of sale was issued directed and delivered to the sheriff of Stephens county directing him to seize and sell, as under execution, the property foreclosed upon. The sheriff, L. D. Head, required an indemnity bond before levying the writ upon property which Carlin demanded that he seize under the same. Carlin failed to indemnify the sheriff, who thereupon refused to levy the writ upon the property pointed out by Carlin. Carlin then filed a motion against the sheriff and the sureties upon his official bond for the recovery of the amount due upon the judgment. Judgment was rendered in favor of Carlin as prayed for, and the sheriff and his bondsmen appeal.

In the motion it was averred that the foreclosure was of a mechanic's lien upon "a certain string of tools." The motion was heard upon agreed facts. As pertinent to the right of the sheriff to demand indemnity, it was agreed:

"The said order of sale was duly presented by the plaintiff to the said sheriff; that the sheriff knew none of the parties to said order of sale, and did not know the property itself; that plaintiff offered to point out the property to the sheriff; that sheriff required an indemnity bond before making a levy under said order of sale; that the plaintiff was unable to furnish such indemnity bond, and did not furnish an indemnity bond, and the sheriff, therefore, refused to levy under the order of sale; that said property was not in the possession of the defendant J. H. Kruse, but was in the possession of and claimed by another person; that there are at least 500 strings of tools in Stephens county, Tex., similar to those sought."

[1] Our courts recognize the right of the sheriff in a proper case to demand indemnity before levying a writ upon personalty.

[2] The agreed facts show that the tools which the sheriff was directed by appellee to seize were in the possession of and claimed by a stranger to the writ. It also appears that there were at least 500 strings of tools in Stephens county similar to those described in that writ. The sheriff himself had no knowledge of the particular string of tools covered by the writ. So far as this record discloses, the tools were not described with sufficient particularity to identify and distinguish them from numerous strings in the same county.

Under the facts the sheriff would have acted at his peril had he levied the writ upon the tools which Carlin pointed out. Vickery v. Crawford, 93 Tex. 373, 55 S. W. 560, 49 L. R. A. 773, 77 Am. St. Rep. 891. He acted within his rights in demanding indemnity before making the seizure. Bryan v. Bridge, 6 Tex. 137; Seasongood v. Campbell (Tex. Civ. App.) 49 S. W. 407; Vickery v. Crawford (Tex. Civ. App.) 57 S. W. 326.

[3] The plaintiff having failed to furnish same, it was error for the court to hold the sheriff and his sureties liable for the amount due.

Reversed and rendered.