## OSBORN v. PAUL

### No. 3404.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1930.

Rehearing Denied May 14, 1930.

J. D. Thomas, of Farwell, for appellant.

Madden, Adkins & Pipkin, of Amarillo, and Pat R. Bobo, of Muleshoe, for appellee.

RANDOLPH, J.

This suit was filed by the appellant in the district court of Bailey county against appellee, to recover damages for the levy of an attachment by the sheriff of Bailey county upon a combine and tractor belonging to the plaintiff, Osborn. From a judgment sustaining a general demurrer to the plaintiff's petition, appeal has been taken to this court.

The plaintiff's petition alleges substantially that an attachment issued out of said district court in cause No. 246, J. C. Paul v. D. V. Osborn, was caused to be issued and levied by the sheriff of said county upon a combine and

tractor belonging to the plaintiff in the case at bar. The levy of the attachment was alleged to have been made by the sheriff in the following manner:

That at the instance of the defendant Paul, plaintiff in cause 246, the sheriff levied the writ of attachment upon a combine and tractor belonging to the plaintiff in this cause and took same in his possession; that he posted a notice upon said machines warning all people not to molest them and gave notice to all who came that way that said machines were attached "and kept same in his constructive legal custody" from October 20, 1927, to June 13, 1928, when said property was released by a judgment of the court entered in said cause No. 246 aforesaid.

It was further alleged that the affidavit upon which the attachment was issued was executed by the attorney for the defendant J. C. Paul and, among other things, alleged and set forth in said affidavit that the said D. V. Osborn was about to remove permanently out of the state and had refused to pay or secure the debt due the plaintiff in cause No. 246, and further alleged that this plaintiff, D. V. Osborn, was justly indebted to the plaintiff in that cause upon a promissory note for $1,660.76, and further that the writ of attachment was wrongfully issued and levied, in that it was based upon an affidavit which stated untruthfully: (a) That the plaintiff herein was indebted to the defendant herein in the sum of $1,660.76 by reason of the promissory note therein alleged; (b) that said affidavit alleged that this plaintiff was about to remove permanently out of the state and had refused to pay or secure the debt due the plaintiff in cause 246.

It was further alleged in plaintiff's petition in this cause that the writ of attachment issued in cause 246 was wrongfully issued and levied upon the property in controversy, in that the sheriff seized and kept in his custody property not subject to attachment; that said writ was wrongfully and without probable cause, maliciously sued out against this defendant for the purpose of harassing and injuring him, and that the acts done by the attorney in making the affidavit and causing the writ to be issued and levied were ratified in whole and in part by the said J. C. Paul; that after such levy, the plaintiff importuned the said J. C. Paul and his attorney to release the levy upon the tractor attached, which the said J. C. Paul refused to do. Further this plaintiff alleges that he was, by such levy, deprived of the use of his combine during the threshing season of the year 1927, and as a consequence thereof was damaged in actual and special damages, as pleaded in his petition.

■ The pleadings and evidence disclose that in making the alleged levy of the writ of attachment, the sheriff did not take the combine and tractor into actual physical possession and remove the same from the premises, but simply posted the above notice upon the machinery attempted to be levied on. This was clearly not a levy of the writ, as required by article 289, Revised Civil Statutes, which provides that the writ shall be levied in the same manner as is, or may be, the writ of execution upon similar property. Article 290 requires the property to remain in the hands of the officer attaching it until final judgment, unless a claim be made thereto and bond be given to try the right to same, or unless the same be replevied or be sold, as provided by law. Article 3793 provides that a levy of an execution upon personal property shall be made by the officers taking possession thereof, when the defendant in execution is entitled to the possession. Article 3799 requires the officer to keep securely all personal property levied on by him, for which no delivery bond has been given, and makes him responsible for any loss occasioned by his negligence. Article 3800 provides for the payment of expenses incurred by the officer in making the levy and *keeping the property.*

As stated above, it is clear that there was no legal levy of the attachment, as the levy made upon the property here in controversy did not comply with the requirement of a legal levy in the matter of the officer taking physical possession of the property. Biering v. Bank, 69 Tex. 599, 603, 7 S. W. 90.

■ It will be seen that the plaintiff in the case at bar is not suing for injury to his credit by reason of the making of the false affidavit; that he is not asserting damages occasioned him by reason of the failure to make a sale or lease of the property, caused by the levy, or that he has suffered such damages by reason of the parties for whom he contemplated threshing grain being deterred from having him do so by reason of the notice posted by the sheriff on the machinery, but he is seeking damages only because he himself was deterred from attempting to use the machinery in his contemplated business.

In order that his cause of action should have been sustained, he must have shown that he was deterred from taking possession of it by the levy of the attachment in which the sheriff took physical possession of the property and thereby restraining plaintiff from making use of the machinery. Johnson v. King, 64 Tex. 226; Pye v. Cardwell, 110 Tex. 573, 222 S. W. 153.

In the last-cited case, Associate Justice Greenwood, for the Supreme Court, laid down the following rule:

"The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property. * * *

"It is claimed that the rule stated should not govern this case for two reasons: First, that since in each suit a foreclosure was sought of an alleged chattel mortgage lien, there existed the requisite interference with appellee's property; and, second, that the rule should not be applied to a series of unfounded and malicious suits, brought in furtherance of a conspiracy, in the names of third persons as well as of the conspirators.

"It is obvious that the attempt to foreclose the chattel mortgage caused no seizure of any property. Besides in Johnson v. King, supra, where there was an actual issuance of an attachment, the failure to seize any property under it was held fatal to the recovery of damages for maliciously suing out the attachment, without probable cause."

It is true, as the plaintiff herein asserts, that the sheriff is the representative of the majesty of the law, and it may be that an ordinary citizen might be deterred from taking possession of his property and of using it by the notice which was posted by that officer on the machinery; but this is no excuse for the plaintiff's failure to use his own property in the absence of a legal levy of the attachment, for the law charges him with knowledge of the invalidity of the levy. This being true, he was at perfect liberty to continue using the machines without let or hindrance.

A levy by notice only is ineffective to create a lien, for the law, under facts of this case, requires the taking of the physical possession of the property by the sheriff; this not being a case where a levy by notice is provided.

Chief Justice Brown, in the case of Jones & Nixon v. First State Bank of Hamlin, 106 Tex. 572, 173 S. W. 202, says:

"If the property levied upon had been the individual property of the debtor who was sued, then the levy must have been made by taking the property into possession by the officer, and could not have been lawfully made otherwise, in which event there would have been a deprivation of the right of property, which would constitute conversion. Under such a levy the defendant, in order to get possession of the property, would have been required to execute a replevy bond when the attachment was quashed. But in this case, there being no possession in the sheriff, the quashing of the attachment had no effect upon the right of property or possession of it. The property remained in the possession of the partnership just as it was before the levy.

"In suits against individuals, where an attachment has been levied upon property, in order to release it, there must have been a replevy bond given, and in such instances the sheriff has the actual possession by reason of the levy, and may be said to have converted it."

In the case just quoted from, the property levied on was the property of a partnership, and hence the requisite notice was given of such levy without taking possession of it.

For the reason that there was no valid levy of the writ of attachment in this case and no taking into possession of the property attempted to be levied on, we are of the opinion that the trial court properly sustained the general demurrer to plaintiff's petition, and therefore affirm the judgment of the trial court.