### SMITH v. HARVEY et al.

No. 9994.

Court of Civil Appeals of Texas. San Antonio.

April 14, 1937.

Rehearing Denied May 12, 1937.

Coover & Shireman and T. S. Cyrus, all of Corpus Christi, for appellant.

Boone, Henderson, Boone & Davis, of Corpus Christi, for appellees.

SMITH, Chief Justice.

This action for damages was brought by W. F. Smith against J. H. Harvey, and S. F. Hunt, sheriff of San Patricio county, alleging that his damages were occasioned by issuance and levy of a wrongful writ of sequestration procured by Harvey and executed by Hunt, as sheriff, through one of his deputies. The trial judge sustained certain special exceptions, and, finally, the general demurrer to Smith's petition, and then dismissed the cause upon failure to amend. Smith has appealed. The parties will be herein referred to as plaintiff and defendant, respectively, as in the trial court.

The appeal presents the sole question of the sufficiency of plaintiff's petition, as against the demurrers, but the inquiry may be narrowed to the question of the sufficiency of the allegations, in said petition, to show a legally effective levy by the sheriff, under the writ of sequestration, upon 34,000 bundles of stock feed belonging to plaintiff.

After formal recitals incident to the case, and allegations that defendant, Harvey, wrongfully obtained issuance of the writ of sequestration, upon a false affidavit, and the levy thereunder by the sheriff, plaintiff alleged in his petition, as follows:

"That on or about the 4th day of December, 1933, the defendant, J. H. Harvey, filed or caused to be filed in the office of the District Clerk of Nueces County, Texas, and among the papers in said cause, the said false and fraudulent affidavit, and filed therewith his bond of sequestration.

"That upon the filing of said affidavit and bond, defendant, J. H. Harvey, applied for and had issued by the Clerk of the Court of Nueces County, Texas a writ of sequestration, said writ issuing on the 5th day of December, 1933. That the defendant, J. H. Harvey, acting by and through his attorney of record, placed or caused said writ of sequestration to be placed in the hands of S. F. Hunt, defendant herein, as sheriff of San Patricio County, Texas, and said sheriff, acting by and through his legally appointed and constituted deputy one King Custer, levied said writ upon the property hereinafter alleged to have been wrongfully sequestered, by going up-on the premises of the defendant, J. H. Harvey, where said property had been placed by the plaintiff, while the plaintiff was in possession of said premises as a tenant of the said J. H. Harvey and before he had been removed therefrom by the said defendant prior to the time said writ was placed in the hands of said sheriff, as aforesaid, and which premises at the time of such levy were in the possession of the defendant, J. H. Harvey, and out of the possession of this plaintiff, and said deputy thereupon, armed with said writ, and then and there in full view of said property which consisted of 34,000 bushels of feed, hereinafter more fully described, and which feed was then stacked on said premises, notified the plaintiff that he was levying said writ upon said property, and was taking the same into the custody and control of said sheriff of San Patricio County, Texas, and that he, the plaintiff, was not to go upon said premises nor to remove any of said feed nor to use any of said feed until the same was released to him, the said plaintiff, by said sheriff, or until he had replevied the same according to the law; that on several occasions after said sheriff had, through his duly constituted and acting deputy, King Custer, made such levy as aforesaid, the said sheriff, upon being approached by plaintiff, prevented plaintiff from going upon said premises and removing said feed under threats of taking action against him if he attempted to do so, and that because of such threats and the belief by the plaintiff that such threats would be carried out the plaintiff was thereby prevented and prohibited from taking possession of said feed and from using the same; that said actions, accompanied by such threats, on the part of said sheriff, constituted an actual taking of the said feed into the possession of said sheriff, and the said sheriff thereby assumed in all things full and exclusive dominion and control over said feed.

"That said sheriff and his deputy, King Custer, acted in the levy of said writ of sequestration and in all things herein complained of under the instructions and at the direction of the defendant, J. H. Harvey, acting by and through his attorney of record.

"That said sheriff, acting by and through his deputy as aforesaid, and at the direction of the defendant J. H. Harvey, on or about the 8th day of December, 1933, wrongfully took possession of the said

property as hereinabove alleged, assuming in all things full and exclusive dominion and control over said property over the plaintiff's protest and against his will, and for and in behalf of defendant J. H. Harvey, controverting (obviously meaning 'converting') the same to his and the defendant's J. H. Harvey's use, to plaintiff's damage as hereinafter set forth.

"That the property wrongfully sequestered as hereinabove alleged consisted of the following, to-wit, 24,000 bundles of Higira, of summer crop, and 10,000 bundles of Higira, of fall crop."

Defendant specially excepted to said petition as being insufficient in the following particulars: That it was not alleged in the petition that the sheriff took the property from the possession of plaintiff, or into his own possession or ever had any physical possession thereof; or that defendant ever removed the property from the premises where situated. It was contended in the exception that the allegations did not constitute allegations of sufficient, or legal, levy, and therefore showed no cause of action for damages for wrongful levy. The effect of the demurrers was that said levy was insufficient in that it was not alleged with sufficient particularity that the sheriff did not take actual physical possession of the property, and remove the same from the premises upon which he found it, or place it beyond the reach of plaintiff.

■ We are of the opinion that plaintiff's allegations of an effective levy were sufficient against said demurrers. The reasonable rule is that in cases of property of great bulk and weight and immobility, which is so cumbersome that it may not be moved except at large expense and effort, it is a sufficient levy if the levying officer go upon the premises, point out the property, assume dominion over it, and forbid its removal by the person against whom the writ has issued. 23 C.J. pp. 435, 440, §§ 225, 231, and authorities there cited; 27 Tex.Jur. p. 485, et seq.; 17 R.C.L. pp. 179, et seq., §§ 77, et seq.; Burch v. Mount (Tex.Civ.App.) 185 S.W. 889 (writ refused). .

·, ■ We conclude that the allegations in plaintiff's petition in this case were such as to bring this case clearly within that rule. The fact, as alleged, that the property involved consisted of 34,000 bundles of stock feed, stacked in a field, fully established the fact, necessarily inferable from the allegations, that the property was so ponderous and immobile that the officer could not reasonably be required, as a requisite of a legal levy, to take actual manual possession of it and remove, store, and keep it in some other location pending, and in the absence of, a replevy. We conclude, in such case, that it was sufficient, as alleged by plaintiff, that the officer go to the property, and in full view of it, assert to plaintiff that he has levied upon it, and was thereby taking it into his custody and control, and warning plaintiff not to go upon the premises, or remove any of the property, or use it, until he had replevied it according to law, and on several occasions thereafter "prevented plaintiff from going upon said premises and removing said feed under threats of taking action against him if he attempted to do so, and that because of such threats and the belief by the plaintiff that such threats would be carried out the plaintiff was thereby prevented and prohibited from taking possession of said feed and from using the same; that said actions, accompanied by such threats, on the part of said sheriff, constituted an actual taking of the said feed into the possession of said sheriff, and the said sheriff thereby assumed in all things full and exclusive dominion and control over said feed."

Defendant relies largely upon the case of Osborn v. Paul (Tex.Civ.App.) 27 S.W. (2d) 572, in support of his contention that plaintiff did not efficiently allege a legal levy. We do not regard that case as decisive of this appeal. In that case the property involved was a motor tractor, which, as we all know, could be removed and stored with little effort or expense, and therefore offered no impediment to actual seizure and manual possession.

We hold, generally, that the plaintiff efficiently alleged a legal levy upon the property involved, which is the only question presented in the appeal, and that, therefore, the trial judge erred in sustaining the several demurrers presented by defendant.

Accordingly, the judgment is reversed and the cause remanded.