

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN

~~XCIIXXXXIKXON~~

ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
State of Texas
Austin, Texas

Dear Sir:

Opinion No. 0-5540
Re: How does the tax assessor-collec-
tor proceed in levying upon per-
sonal property when the property
has been assessed for taxes, and
the property is about to be removed
from the county, and the owner of
the property has not other property
in the county sufficient to satisfy
all assessments against him?

As we understand your request for opinion, you desire
to be advised as to just how a tax assessor-collector goes
about levying upon personal property, when the said property
has been assessed for taxes, and is about to be removed from
the county, and the owner has not sufficient other property in
the county to satisfy all assessments against him.

Article 7268, V.A.C.S. of Texas, is as follows:

"If it comes to the knowledge of the tax collector
that any personal property assessed for taxes on the rolls
is about to be removed from the county, and the owner of
such property has not other property in the county suffi-
cient to satisfy all assessments against him, the collector
shall immediately levy upon a sufficiency of such property
to satisfy such taxes and all costs, and the same sell in
accordance with the law regulating sales of personal
property for taxes unless the owner of such property
shall give bond, with sufficient security payable to
and to be approved by the collector, and conditioned for
the payment of the taxes due on such property, on or
before the first day of January next succeeding."

Article 7267, V.A.C.S. of Texas, provides:

"If any person shall point out to the tax collector
sufficient personal property belonging to him to pay all
taxes assessed against him before the first day of January

of any year, the collector shall immediately levy upon and sell such property so pointed out, in accordance with the laws regulating tax sales of a similar class of property."

Said Article 7268 contains no definition of the "levy" therein authorized to be made, and said "levy" is not further defined by the legislative acts dealing with the subject. The statutes simply say ". . . the collector shall immediately <u>levy</u> . . ."

Absent any special definition of the word "levy" as used in said Article 7268, we must have recourse to accepted rules of statutory construction in order to determine what is meant by the word "levy" as so used.

It is an approved canon of statutory construction that when the legislature, in enacting a law, uses a word which has a settled legal significance or meaning, it will be presumed that the legislature used the word in question in its settled legal significance or sense as same obtains at the time of the legislative enactment. (See Koy v. Schneider, 110 Tex. 369, denying rehearing 110 Tex. 369; Blanscet v. Palo Duro Furniture Co., 68 S.W. (2d) 527; Hutstedler v. Harral, 54 S.W. (2d) 353, error refused).

Said Article 7268, was enacted in 1887 (See Acts 1887, p. 127, General Laws, Volume 9, p. 128) At the time of this enactment, the word "levy" had a well known and settled legal significance and meaning in the law of Texas, having been used in connection with the law pertaining to attachment and execution from the earliest days of Texas jurisprudence. In accordance with the rules of statutory construction above alluded to, we must presume that the word "levy" as used in said Article 7268, has the same meaning that had always been attributed to that word in the laws of Texas.

Turning now to the construction of the word "levy" as used in said laws of Texas pertaining to levying of an attachment or execution on Texas property, we find that Texas authorities have declared that in order for the acts of the officer to constitute a levy, he must seize the property, or bring it under his immediate control. (See Bryan v. Bridge, 60 Tex. 137; Boelkel-McLain Co. v. First National Bank, 296 S.W. 970) Some Texas cases say that in order for the officer's act to constitute a lawful levy, his act must be one which would subject him to a successful prosecution for being a trespasser if the act done by him had not been done in making a lawful levy. (See Freiberg v. Johnson, 71 Tex. 558; Portis v. Parker, 8 Tex. 23; Bryan v. Bridge, 6 Tex. 137; Burch v. Mounts, 185 S.W. 889, error refused; Jones et al. v. First State Bank, 140 S.W. 116, affirmed in 173 S.W. 202)

The officer making the levy must get the property levied on within his view and power and control, and this he must do when the levy on the property is made. (See Brown v. Lane, 19 Tex. 203; Portis v. Parker, 8 Tex. 23; Bryan v. Bridge, 6 Tex. 137; Burch v. Mounts, 185 S.W. 889, error refused; Lynch v. Payne, 49 S.W. 406) He must get the property under his own control, and this control must be immediate, and he must place it under his control in a manner which is so open, public and unqualified as to put everyone on notice that he is levying on the said personal property, and taking control thereof by virtue of his levy on same. (See Portis v. Parker, Bryan v. Bridge, Burch v. Mounts, supra) It has been held by the Texas courts, that no particular form of words is required to be used by the person making the levy, in order to constitute the act of levying. (See Taylor v. Evans, 29 S.W. 172) It is the taking possession of, or the taking control of the property levied upon, which constitutes the levy.

The kind of act which constitutes the taking of control and possession of the property levied upon, has been said to vary with the nature of the property levied upon. (See Portis v. Parker, above referred to)

There have been Texas decisions which seem to hold that where the nature of the property seized is such as to make a manual seizure thereof practicable, manual seizure must be made by the person making the levy in order to constitute the act a legal levy. (See Jones and Nixon v. First State Bank, 140 S.W. 116, 173 S.W. 202; Osborn v. Paul, 27 S.W. (2d) 572, error refused) Texas decisions also hold that where the one making the levy can control the property at the time of making the levy, it is not essential to the legality of the levy that he should take possession of the property or touch it. (See Burch v. Mounts, supra)

A special procedure is set up by statute for the levying upon livestock running at large in a range. It is as follows:

Article 3794, Vernon's Revised Civil Statutes of Texas, provides:

"A levy upon livestock running at large in a range, and which cannot be herded and penned without great inconvenience and expense, may be made by designating by reasonable estimate the number of animals and describing them by their marks and brands, or either; such levy shall be made in the presence of two or more credible persons, and notice thereof shall be given in writing to the owner or his herder or agent, if residing

within the county and known to the officer."

A special procedure is also provided by statute for the levy upon the stock of any corporation or joint stock company.  Such procedure is set out in Article 3795, V.R.C.S. of Texas, which reads:

"A levy on the stock of any corporation or joint stock company is made by levying a notice thereof with any officer of such company."

If the property levied upon is that kind of property known as an interest in partnership property, then the levy should be made in accordance with Article 3796, which is as follows:

"A levy upon the interest of a partner in partnership property is made by leaving a notice with one or more of the partners or with a clerk of the partnership."

Where the property levied upon is a mortgaged chattel or pledged chattel, Texas Jurisprudence has this to say:

"An officer may not, under attachment or execution against the mortgagor, take possession of mortgaged chattels where the property is rightfully in possession of the mortgagee, unless the mortgage debt is first paid; if this is not done the levy may be made only by giving notice thereof to the mortgagee.  But where the property is allowed to remain in the possession of the mortgagor the officer may take it into his possession for the purpose of sale; and upon a sale the purchaser would buy subject to the mortgage lien, having notice thereof.

"The undivided interest of a pledgee is subject only to a constructive levy of the attachment writ, that is to say, by giving the notice required by statute. The officer levying the writ may not take the property from 'the possession' then rightfully held by the pledgee; and if the officer does take possession, there results an illegal ouster of rightful possession held by the pledgee, which can be regained in the statutory proceeding of trial of right of property." (27 Tex. Jur., Section 26)

Where an undivided interest of a cotenant of personal property is in the possession of another cotenant, it can be levied on by the officer who makes the levy giving notice to the cotenant who is in possession.  The procedure is set forth in R.C.S. of 1925, Article 3793.  In case of such levy the officer who makes the levy has no authority of law to seize the

property levied upon. His levy is perfected by making the notice as above mentioned.

Where several owners own property jointly and have joint possession of the same, a levy is made upon the interest of any one of the joint owners by the officer who levied taking into his possession the interest levied upon. (See Hubert v. Hubert, 46 Civ. App. 503)

If the person whose property is levied upon has mixed and intermingled his goods with that of another person so that the officer making the levy is unable to distinguish the property of the one levied upon from the property of the other person, the levy is made against the whole stock. (See Brown v. Bacon, 63 Tex. 595)

If it is sought to make a levy upon a crop ungathered in the field, such levy is made by taking possession of the land for the purpose of gathering the crop, and then gathering the crop; or the levy is made by selling the crop in an ungathered condition as it stands in the field. (See Moore v. Graham, 29 Civ. App. 235; First National Bank v. Cooper, 12 S.W. (2d) 271, error refused; Coates v. Caldwell, 71 Tex. 19) It is to be observed that where an ungathered crop is levied upon by the levying officer selling the crop in an ungathered condition, the purchaser of the ungathered crop would have the right to go upon the land and harvest the crop. (See Coates v. Caldwell, and Moore v. Graham, supra)

From the foregoing discussion, you will gather that generally, and in the absence of a prescribed mode for making the "levy", a levy is made by the person levying making a seizure of the property levied upon, and getting it openly in his possession and control, being governed in his act of levying by the nature of the property seized; that except in the case of levying upon livestock running at large upon a range, it is not necessary to give any written notice of any kind of the levy to the person upon whose property the levy is made. Where any written notice to any person other than the owner of the property levied upon is required, we have pointed same out above.

It should also always be borne in mind by the officer who makes the levy that in accordance with the law as same is set forth in Article 7267, quoted above, if the taxpayer points out to the tax collector sufficient personal property belonging to him to pay all taxes assessed against him before the first day of January of any year, the tax collector should levy upon the personal property so pointed out, rather than upon some other personal property.

And in making the levy, while the officer levying should levy upon sufficient property to satisfy the tax claim, he should not make a levy which is either excessive on the one hand or insufficient on the other; but he will not be strictly required to take exactly enough property and no more; a reasonable leeway as to the amount levied upon is allowed. (See Fatheree v. Williams, 13 Civ. App. 430; Bruce v. Hannon, 283 S.W. 862; DeWitt v. Oppenheimer, 51 Tex. 103).

After a legal levy has been accomplished and completed, then the tax collector should advertise and sell the said property in accordance with the directions contained in Article 7273, V.R.C.S., which is self-explanatory, and reads as follows:

"In making sales of personal property for taxes the collector shall give notice of the time and place of sale, together with a brief description of the property levied on and to be sold, for at least ten days previous to the day of sale, by advertisements in writing to be posted at the courthouse door, and at two other public places in the county; and such sale shall take place at the courthouse door of the county in which the assessment is made, by public auction."

Insomuch as when an officer makes a levy by authority of a writ of attachment or execution in his hands, the courts have held that the officer must have official possession or control of the writ to justify him in making a levy by virtue of it, we reason by analogy that the tax collector, when making his levy under the provisions of said Article 7267, which he does in order to protect the tax lien created by the assessment, should have official possession or control of the assessment rolls at the time of making the levy, in order that he may be fully justified in making the levy. (See Mission Independent School Dist. et al. v. Armstrong, Comm. of Appeals, 222 S.W. 201, as authority for the statement that the tax assessor makes the levy referred to in order to protect the lien created by the assessment)

In your request for opinion you do not say whether the taxpayer whose property is to be levied upon is a resident or nonresident of the county in question. In the event said tax-payer is a nonresident of said county, we respectfully call your attention to the provisions of Article 7265, V.R.C.S. of Texas, which applies to the payment of taxes by nonresidents of a county, and is as follows:

"Non-residents of counties, owing State or county taxes, are hereby authorized to pay the same to the Comptroller; provided that all taxes due

by said non-residents shall be paid at the Comptroller's office on or before the first day of January next after the assessment of such taxes. The tax collectors shall be entitled to the commissions on all moneys paid by non-residents to the Comptroller, due their counties respectively." (Acts 1879, p. 41; G.L., Vol. 8, p. 1341)

We suggest that should the taxpayer in question be a nonresident of the county where the levy is purposed to be made, the tax collector, before making the levy, should carefully check with the Comptroller of Public Accounts in order to make sure that the taxes he is making a levy to secure the payment of, have not been paid by the taxpayer direct to the Comptroller. If a levy should be made by a tax collector under Article 7268 after the taxes had already been paid to the Comptroller under authority of said Article 7265, then the tax collector, in making the levy, would be a mere naked trespasser and would make himself liable in damages to the taxpayer whose property was levied upon.

We wish to make it plain that this opinion, in its entirety, is written upon the assumption, of course, that prior to the making of the contemplated levy by the tax collector, a valid assessment for the taxes in question has been made which is in every respect in full compliance with the governing law applicable to the assessment of taxes; and that the tax collector is correct in his assumption that the personal property so assessed for taxes is, in truth, about to be removed from the county, and that the owner of the said property has not other property in the county sufficient to satisfy all assessments against him.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Geo. P. Blackburn
Geo. P. Blackburn
Assistant

GPB:AMM:wc

APPROVED AUG 31, 1943
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman